## WILLIAM D. ROSS *vs.* THE BANK OF BURLINGTON.

That which has been decided in a cause upon demurrer, cannot afterwards be made the ground of a motion in arrest of judgment, though the pleadings have been changed.

Proof of the *loss* of a bank bill, and of notice and demand at the bank, is not sufficient to enable the owner to recover of the bank, in an action of *assumpsit*.

But proof of the *actual destruction* of the bill, with notice and demand, is sufficient for that purpose.

The declarations of the owner of a package of bank notes, about to be transmitted by the steam boat on Lake Champlain, accompanying and explaining his actions, are a part of the *res gestæ*, and may be given in evidence in an action against the bank, predicated on the destruction of the bills, in the loss of the boat, in as much as he could not have anticipated such an event.

A new trial will not be granted for the misdirection of the Judge to the Jury, appearing in the exceptions as allowed, where it, nevertheless, appears from the whole case, that the verdict is right.

THIS was an action of *assumpsit*, brought to recover of the Bank of Burlington the sum of $800, said by the plaintiff to have been held by him in bills of the said bank, and to have been destroyed by fire, with the steam boat Phœnix, on Lake Champlain, on the night of the 5th of September, 1819. The plaintiff's declaration contained *four counts;* the two first of which were as follows:

*First count.* "To answer, &c. in a plea of the case, for that, whereas, the defendants, on the 25th day of August, 1819, at Burlington, in the said county of Chittenden, in consideration that the plaintiff before that time had, at the special instance and request of the defendants, deposited and delivered to them, at the bank of Burlington, a large sum of money, to wit. the sum of eight hundred dollars, made and executed sundry notes, commonly called *bank bills*, bearing the same date of the day and year aforesaid, amounting in the whole to the sum of eight hundred dollars; in and by which notes the defendants, by the name of *The President, Directors and Company of the Bank of Burlington*, promised to pay the several persons named in said notes, respectively, or to the bearer, the sum of money in said notes respectively mentioned, on demand: and then and there delivered the said notes to the said William D. Ross, and thereby became liable to pay the said William D. the sum of eight hundred dollars, specified in the notes aforesaid, according to the tenor and effect of the said notes. And the defendants, so being liable, undertook, &c.

*Chittenden,*
December,
1825.

Ross
*vs.*
The Bank of
Burlington.

and the said William D. avers, that afterwards, to wit. on the 30th day of December, 1819, at the bank in said Burlington, he did request and demand payment of the said sum of eight hundred dollars. And the said William D. further says, that all and singular the notes aforesaid were destroyed and consumed by fire, to wit. on the 5th day of September, 1819, of which the defendants were duly notified, at the time and place of making the aforesaid demand.

*Second count.* "Also, for that whereas, the defendants, on the same 25th day of August, 1819, at said Burlington, in consideration of certain large sums of money before that time advanced and delivered to the defendants, made, executed, and delivered to sundry persons, sundry notes, commonly called bank bills, amounting in the whole to 3200 dollars, to wit. 800 notes for the sum of two dollars each, 160 notes for the sum of five dollars each, and eighty notes for the sum of ten dollars each; and in and by said notes, by the name of *The President, Directors, and Company of the Bank of Burlington,* promised to pay to the several persons named in said notes respectively, or to the bearer, the sums of money in each bill respectively mentioned, on demand; which said notes afterwards, to wit. on the 4th of September, were, for a good and valuable consideration, transferred and delivered to the plaintiff, of which the defendants on the same day and year last aforesaid, at, &c. had notice. By reason of which, the defendants became liable, &c. and being so liable, undertook, &c. (Demand of payment, and destruction of the bills, as averred in the first count.)

The *third* was a general count, for money *had* and *received;* and the *fourth,* for money *paid, laid out,* and *expended.*

At the January term of this Court, 1822, a special demurrer was filed to the two first counts, and the general issue pleaded to the two last; but on argument upon the demurrer, the two first counts being adjudged sufficient, the demurrer was withdrawn, by leave of Court, and the general issue pleaded to the whole declaration.

At the January term, 1824, after a general verdict for the plaintiff, the defendants filed a motion in *arrest of judgment,* for the insufficiency of the two first counts in the declaration; and also, a motion for a *new trial,* founded on the following

### EXCEPTIONS.

At the trial of the issue joined between the parties in this cause, the plaintiff offered to give parol evidence of the contents of the bank bills mentioned in the first and second counts of his declaration, and to show that the same had been destroyed:— to which evidence the counsel for the defendants objected; *first,* on the ground that, if the bills were destroyed, an action at law could not be maintained against the defendants to recover the amount; and, *secondly,* if the action would lie, the plaintiff must first give sufficient proof to the Court, that the bills were genu-

ine, and also, that they were destroyed, before the evidence could be admitted to the jury. The Court determined, that the action could be maintained, if the bills had been destroyed; but that the fact whether the bills were destroyed or not, belonged to the Court to decide; and, that the plaintiff must prove the destruction of the bills, before the evidence offered could be admitted to the jury.

The plaintiff then proved by *Richard Sherman*, that, in the evening of the 4th of September, 1819, the plaintiff delivered to him, he being the commander of the steam boat Phœnix, on Lake Champlain, a package addressed to the cashier of the Plattsburgh bank, on which was marked "800 dollars," or "850 dollars;" that he received the package, and deposited it in one of the drawers of the office in the boat; that the door of the office was locked when he retired to rest, and that he had the key; that having been in bed about half an hour, he arose and found the boat on fire, and that the fire had extended so that it was impossible to get into the office; that the boat was burnt, and he believes all in the office was consumed; as he afterwards picked up in the wreck, fragments of coin, which he had every reason to believe were a part of the same he had put into the drawer.

*John Gould* testified, that the last of August, or the 1st of September, 1819, the plaintiff requested him to apply in behalf of the plaintiff to one Solomon Cook, for Burlington bank bills; that he applied to Cook accordingly, who said that he would accommodate the plaintiff; that in the evening of the 4th of the same September, he was at the plaintiff's store, and the plaintiff shewed him a large packet addressed to the cashier of the Plattsburgh bank, and said it contained $800, received of Cook, which he was about to send by the steam boat; and that the package was marked $800.

*Deane Delancy* testified, that he was the plaintiff's clerk; that in the afternoon of the 4th September, 1819, he saw the plaintiff enclose a sum of money in a package, marked $800, and directed to the cashier of the Plattsburgh bank; that the bills were tied up in parcels; and those he saw on the outside of the parcels, which might be a dozen or twenty bills, were new bills of the Burlington bank; that he saw the plaintiff counting the money, and heard the plaintiff say there were $800, which he was about to send by the steam boat.

*Ransom Noble* testified, that on the 3d of September, 1819, he saw Solomon Cook deliver to the plaintiff, a sum of money in bills, tied up in slips of bank paper, which he understood to be $800; that some of the bills he saw, perhaps twenty; and those he saw, were of the Burlington bank: that in the evening of the 4th September, he went from the plaintiff's store with the plaintiff to the wharf; that the plaintiff had in his hand a large package; and with the package in his hand, stepped into the

Chittenden,
December,
1825.

Ross
vs.
The Bank of
Burlington.

steam boat; and in going to the boat, the plaintiff said the package contained $800 he received of Cook; that he did not see the contents of the package, and knew nothing of the contents only from what the plaintiff said.

The plaintiff also read the following deposition of *Solomon Cook* : "I, Solomon Cook, of lawful age, being duly sworn, testify, that I reside at the foot of the Current of St. Mary, near the city of Montreal, in Canada, and more than thirty miles from Burlington, in the state of Vermont; and further, that on the 3d day of September, 1819, in the afternoon, I was possessor of the sum of $800 in bills of the bank of Burlington, in the state of Vermont—somewhere about four hundred dollars in ten dollar bills of the then new emission, and the remainder, mostly, if not all, five dollar bills, a part of which I received at the aforesaid bank, and the residue from William White, of Vergennes, a few days previous to the said 3d day of September, and I have no doubt that the said bills were all genuine. And further, that I had frequently, before that time, exchanged money for Plattsburgh bills, for the benefit and advantage of the bank of Plattsburgh, and that, at the request of William D. Ross, of Essex, in the state of New York. And further, I, the said Solomon Cook, on the said 3d day of September, in the year aforesaid, delivered the said eight hundred dollars, in the bills aforesaid, to the said William D. Ross, on obtaining his receipt for the same, which is hereunto annexed; and the said Wm. D. Ross told me he wanted them, for the purpose of exchanging them with the said bank of Plattsburgh, by the steam boat Phœnix, on the night of the next day, to be returned from Plattsburgh by the steam boat Congress, the Sunday following; and I verily believe, that he, the said William D. Ross, did send the said $800 by the boat as agreed; and that the same was burned in the said boat. And further, that the said Wm. D. Ross has, since that time, paid the amount of the said $800 to me. And I have no interest whatever in the suit now pending between him and the bank of Burlington; nor any agreement with him by which I can, in any wise, be prejudiced, should the said suit be determined in his favour.
                    (Signed)              "SOLOMON COOK."

The receipts annexed were as follows :

*Received, Essex, Sept. 3d,* 1819, from Mr. Solomon Cook, *eight hundred dollars;* for which I am to give him Plattsburgh bank notes, on demand.
$800.                    (Signed)              WM. D. ROSS.

*Received* from W. D. Ross, eight hundred and forty dollars, in full payment and satisfaction for the within note.
                    (Signed)              SOLOMON COOK.
*Essex, January* 31, 1821.

The counsel for the defendants insisted, that the proof aforesaid was wholly insufficient to establish the genuineness and destruction of the bills mentioned in the plaintiff's declara-

tion; and prayed the opinion of the Court thereon; and thereupon the Court determined, that the genuineness, and destruction of the bills were sufficiently proved; and that the plaintiff was entitled to give to the jury, parol evidence of their contents, and that he was the holder of them.

*Chittenden,*
December,
1825.

Ross
*vs.*
The Bank of
Burlington.

The plaintiff, after giving to the jury the testimony above recited, proved, that previous to the commencement of his action, he called upon the defendants, and after informing them, that bills issued by them to the amount of $800 had been destroyed, while he was the holder of them, demanded payment of the same, but did not give any description of the bills.

The counsel for the defendants insisted, that the several matters proved, and given in evidence, as aforesaid, were wholly insufficient to entitle the plaintiff to recover; and requested the Court so to charge the jury: but the Court charged the jury that the Court, having determined that eight hundred dollars, in genuine Burlington bank bills, of the denomination mentioned in the plaintiff's declaration, were destroyed on board the steam boat on the 5th of September, 1819, they had nothing to do with the question, whether the bills were destroyed, or not, or the amount, or genuineness thereof; and if they found from the evidence which had been submitted to them, that the plaintiff was the owner or holder of the bills, and that payment had been demanded in the manner proved, they would return their verdict for the plaintiff to recover the sum of eight hundred dollars, with interest, from the time payment was demanded.

To which opinions of the said Court, upon the several matters aforesaid, the counsel for the defendants except, &c.; which exceptions were allowed by the Court, and the judgment respited, under a rule, that interest be added to the verdict, in case judgment be rendered upon it.

And now, at this term, the case was argued on both motions, at the same time.

*Prentiss,* for the defendants. 1. If an action at law can be supported, in this case, the Court ought to proceed with the utmost caution, and require clear and direct proof of the destruction of the bills, before they admit evidence to the jury.

Even in the case of a note, which can be distinguished and identified, sufficient proof must be shown to the Court, not only of its destruction, but also, that it was genuine, before the plaintiff will be suffered to read a copy, or give parol evidence of its contents.— 1 *Atk.* 446. *Chit. on Bills,* 402.

The fact of the destruction of the notes, is exclusively for the Court to decide, and not for the jury to find. It is a question of evidence, upon which the Court must necessarily determine; for if the note is in existence, it must be produced; and it is upon the ground that it is destroyed, that secondary evidence, or parol proof, of its contents, is admissible. When the Court have decided that the note is destroyed, then parol proof of its contents is legal evidence to the jury; and when the plaintiff has

Chittenden,
December,
1825.
~~~~
Ross
vs.
The Bank of
Burlington.
produced such proof, and shown that he was the holder of the note, he has made out his case, and the jury have nothing to do with the fact, whether the note is destroyed or not, for the admission of parol evidence of its contents, proceeds on the ground that the fact is established; and such evidence is equivalent to the production of the original note, and competent for the jury to find a verdict upon.—*Jackson* vs. *Frier*, 16 *Johns. Rep.* 193.

The fact, then, whether the bills, in the present case, were destroyed, belonged to the Court alone to decide; and upon the decision of that fact, the whole case rested.

If, in the case of private instruments, the proof of the destruction ought to be clear and direct; much more should it be so in the case of bank bills, which it is difficult to distinguish, or identify.

Without such proof, there would be no security to the bank, and it would be extremely dangerous to rest upon mere circumstances or presumptions.

[The counsel here went into a minute examination of the testimony, as detailed in the case; and came to the conclusion, that it furnishes no evidence of what the package contained, which was delivered to the commander of the steam-boat, whether bank bills, or something else; and, if bills, of what amount, or on what bank, except the plaintiff's own declarations.]

Hearsay evidence, he said, or the declarations of third persons, although perfectly disinterested, can, in no case, be received: much less can the declarations of the party to a suit, and in interest, be admitted in his favour. If a party can be permitted, by his own declarations, to make evidence for himself, there will be no difficulty in supporting any claim which he may be disposed to set up. In the present case, it would be better and safer to admit the plaintiff to testify as a witness, directly in support of his claim, than to permit him to avail himself of declarations, made by him, not under the solemnity of an oath. If the plaintiff is unable to support his claim, by legal and sufficient evidence, it is but the common misfortune of all, who are unable to assert or maintain their rights, in a court of justice, for want of proof. It is not the defendants only, who are interested in this question; the publick, as well as the other banks in the state, have a deep interest in it. If the evidence, in this case, is holden sufficient to charge the defendants, all our banking institutions must be in the utmost jeopardy. Exposed to demands of this sort, they cannot long continue their operations; and the publick must soon be deprived of all the benefits which flow from a sound and safe paper currency.

No sufficient demand of payment was made. The plaintiff, it appears, demanded of the defendants the sum of $800; and stated to them, that bills, issued by them, to that amount, had been destroyed, while he was the holder of them. He did not describe the bills, or furnish any evidence of their destruction.

2. The jury have assessed entire damages on all the counts in the plaintiff's declaration; and the first and second counts being insufficient, judgment must be arrested.—1 *Chit. Pl.* 394. 2 *Saund.* 171. *b.*—*Douglas,* 722. 5 *Johns. Rep.* 476.

*Chittenden, December, 1825.*

Ross
*vs.*
The Bank of Burlington.

[Here the Court interrupted the counsel.]

HUTCHINSON, J. said, that this question having been decided upon demurrer, could not be tried over again, except upon a review.

SKINNER, Ch. J. The question is, whether, when a party has once pleaded, and found by the decision of the Court, that he has mistaken his plea, he can change it; and afterwards, on motion in arrest, can avail himself of the same objection. He thought it could not be done.

The Court, however, permitted the counsel to proceed, and show, if he could, that an action at law could not be maintained in this case, as he contended.

And Mr. *Prentiss* proceeded. An action at law cannot be supported against a party to a note, indorsed and lost, because it is transferable, by delivery, and may, by possibility, be in the hands of a *bona fide* holder, who will be entitled to the payment. —*Chit. on Bills,* 167, 169. 10 *Johns. Rep.* 104.

But in such case, a court of equity has jurisdiction to enforce payment of the amount, upon sufficient indemnity being given. —1 *Ves. jun.* 812., 5 *Ves. jun.* 235.

If, however, it can be proved, that the note has been *destroyed,* it has been held, that the holder may recover at law.—2 *Campb.* 211. *Chit. on Bills,* 167, 169.

But there is no case, where there has been a recovery at law, for bank bills *destroyed.*

All the cases relate to bills of exchange, promissory notes, or checks.

Bank bills are not mere securities, or documents, for debts, but are treated as money, in the ordinary course and transaction of business, by the general consent of mankind. (*Miller* vs. *Ross,* 1 *Burr.* 457. 3 *Atk.* 232.) They pass by a will, which bequeaths all the testator's *money* or *cash.*—1 *Sch. and Lefr.* 318. 11 *Ves. jun.* 662.

In bankruptcies, they cannot be followed as identical, and distinguished as money.—*Chit. on Bills,* 425.

A tender of them is good, unless objected to at the time.— 3 *T. Rep.* 554. 1 *Bos. and Pul.* 526. 12 *Johns. Rep.* 220, 395.

They pass, and are assignable, by delivery merely.—*Chit. on Bills,* 426.

Such being the nature of bank bills, they do not fall within the reason of the cases decided upon notes, and bills of exchange destroyed: and the absence of any adjudged case, in which an action has been brought, and a recovery had at law, either in England, or in this country, is conclusive, that no such action can be maintained. It has generally been supposed, that the

7

Chittenden,
December,
1825.

Ross
vs.
The Bank of
Burlington.

destruction of bank bills is the loss of the holder, and that he has no remedy against the bank. Many counterfeits are in circulation, and it is extremely difficult to detect the spurious, from the genuine bills; and, frequently, none but the officers of the bank can do it. To allow an action to be maintained against the bank, without producing the bills, that they may be inspected, would expose the bank to imposition, and fraud: but, if any remedy can be had, it should be sought in a court of equity, where relief may be granted with more security to the bank.

*Allen* and *Adams, contra,* contended, that this suit *is* maintainable at law, and that the evidence of the destruction of the bills was properly admitted. 1 *Chit. P.* 129. (*Ed.* 1809.)—12 *Mod.* 310. *Hart* vs. *King*—1 *Vesey, sen.* 341. *Walmsley* vs. *Child.* —5 *Mass. Rep.* 101. *Jones* vs. *Fales, et al.*—11 *Mass. Rep.* 282. *Cady* vs. *Eggleston.*

That the bills were destroyed, is abundantly apparent, from an examination of the testimony.

It appears by the pleadings and proceedings in this case, that the defendants originally demurred to the whole declaration; and this Court determined that the declaration was sufficient: the defendants, therefore, have no right to raise the same question again, by motion in arrest.

But, if the Court consider the defendants are at liberty to raise the same question again, the plaintiff contends, that the declaration is sufficient.

The *consideration* and *execution* of the bills, and their delivery to plaintiff, together with the *destruction* and the *demand* of payment, are distinctly alleged in the declaration; and these, it is contended, are sufficient to enable the plaintiff to recover.

The numbers of bills, and payees' names, are *matters of form,* and not necessary to have been stated.

The party is not compelled to commence separate suits on each bill, but may declare on the whole.

The opinion of the Court was delivered by

HUTCHINSON, J.  William D. Ross has declared against the President, Directors, and Company of the Bank of Burlington, in four counts. The two first are special, and the two last general, for money had and received, and for money laid out and expended. The object of the suit is to recover about $800, which the plaintiff contends he ought to recover, on the ground that he was the holder and owner of that amount, in bills of said bank, which were burnt and destroyed, with, and on board of the steam boat, on Lake Champlain, Sept. 5, 1819. The last jury trial in said action, was had upon the issue of *non assumpsit,* to all the counts of the declaration; and the jury found for the plaintiff said sum, and interest from the time a demand was made upon the defendants for the pay.

The cause has now been argued, upon a motion in arrest, and upon a motion for a new trial. The ground for the motion in arrest, is, that the verdict is general upon all the counts; and

the defendants contend, that the two first counts are bad. The *Chittenden,*
December,
1825.

Ross
*vs.*
The Bank of
Burlington.
Court dispose of this question, without deciding upon what
might be its merits, under different circumstances. By inspec-
tion of the record, we find, that this Court has once decided
those counts to be good, when met by a special demurrer.
That demurrer, by leave of Court, has been withdrawn, and the
general issue pleaded, and a verdict given for the plaintiff, on
that issue. We are not at liberty to decide that the same dec-
laration is bad, after verdict, which this Court has decided to
be good, on a special demurrer. The motion in arrest, there-
fore, does not prevail. The motion for a new trial is predicated
upon exceptions taken at the trial, and allowed by the judges.
By this, it appears that the defendants' counsel objected in gross
to the plaintiff's testimony, by which he offered to prove his
declaration; but it was admitted by the Court, and this Court
now consider it rightly admitted. If it is to gain credit at all,
according to the view to be taken of it, upon another point, it
exactly proves the two special counts of the plaintiff's declara-
tion; and, for ought the Court can discover, equally proves the
money counts.

When the defendants issued their bills, they received for them
money, or its equivalent; securities, perhaps, upon which they,
in a short time, realized the money. The plaintiff paid to some
person or persons, the amount of these bills, when he became the
owner of them. This, as between the plaintiff and defendants,
may be considered money paid by him, for their benefit; and
established the plaintiff's right to receive the money of the de-
fendants, on presenting the bills at the bank for payment. If,
then, these bills were destroyed, while thus owned by the
plaintiff, so that neither he, nor any other person, can ever pre-
sent the same for payment, there is as strong an equity, that he
should recover the amount, as there is that any note to an indi-
vidual should be recovered of its signer, after it is destroyed.
Without such recovery, the defendants, by such loss, would gain
the whole amount of the bills: nor need the plaintiff apply to a
court of chancery for relief, as contended by defendants' coun-
sel. If his testimony make out his case at law, his remedy is
good at law; and there being no cases found, in which banks
have been adjudged liable, in such cases, or in which a similar
question has been litigated, forms no valid objection against
the plaintiff's availing himself of his testimony at law, when the
analogy is so apparent between this case, and the cases so often
adjudged of individual securities lost or destroyed. Proving a
loss only, could not avail the plaintiff, because, the bills being
payable to bearer, the finder might present them for payment.
The evidence offered and objected to, in this case, if it proves
any thing, proves the destruction of the bills; so that the de-
fendants can be holden only to the plaintiff for their amount.
The admission of the plaintiff's testimony is, therefore, sanc-
tioned by this Court.

The next question that arises is, whether the plaintiff

*Chittenden,*
December,
1825.

Ross
*vs.*
The Bank of
Burlington.

sufficiently proved, by proper testimony, that the bills were destroyed. Upon this point, the testimony was heard, and adjudged of by the Court, preparatory to the admission of secondary evidence, to prove the contents; and both parties seem well agreed that this was a correct course; and this Court is now called upon to review their decision, and decide whether there was sufficient proper testimony to prove the destruction of the bills.

The testimony of Cook is very full, that he delivered plaintiff $800 in bills of the Burlington bank, on the 3d of September; and that the plaintiff told him, he wanted them to send by the steam boat, to Plattsburgh. Gould testifies, that, at the request of the plaintiff, he applied to said Cook for said Burlington bills. His testimony, and that of Delancy and Noble, is strong to show, that the plaintiff counted the money he had of Cook, made a package, and addressed it, "To the Cashier of the Plattsburgh Bank"—Said, it contained $800, and that he was about to send it by the steam boat. That he carried the package so addressed and marked, to the steam boat; and the testimony of Captain Sherman shows, that such a package, so addressed and marked, was delivered by the plaintiff to him, with directions, that he should deliver it to said Cashier. And it appeared, that the plaintiff, generally, to these several witnesses, spoke of the package as $800 Burlington bills, he was sending to Plattsburgh, for exchange: and Sherman's testimony shows, that the bills, or whatever was in that package, were burnt in the steam boat cabin, when said boat was burnt.

Now it is contended, that the sayings of the plaintiff are no evidence for him; and that, without these sayings, the testimony would be deficient in shewing the loss or destruction. The Court view these sayings of the plaintiff, accompanying and explaining his actions, and that at a time when he could not have anticipated the burning of the steam boat, as parts of the *res gestæ*, and as proper evidence in the action. It is not possible for us to suspect Ross of making those observations, at that time, in contemplation of the event that happened: and the strict coherence of the acts and matters proved, and the objects and explanations of those acts expressed by plaintiff, forces the conviction, that the same bills, received by plaintiff from Cook, were destroyed. The secondary evidence, to prove the contents of the bills, was, therefore, rightly admitted. This virtually disposes of the request by defendants' counsel, that the Court should charge, that the testimony was insufficient to entitle the plaintiff to recover; for its sufficiency, so far as comes within the province of the Court to decide, is above established.

But it is insisted, that the plaintiff's demand was insufficient, because, he did not identify the bills, nor furnish evidence that they were destroyed. If the bills were destroyed, it is not to be expected they could be identified, otherwise than as to the amount and genuineness. Nor is any further identity of any importance to the defendants, for their bills circulate as money,

and they redeem them by their amount, without reference to their particular description, further than to be sure they are genuine   It does *not* appear that any proof was furnished of the burning of the bills, at the time of demand.   The plaintiff informed defendants that $800 of their bills, of which he was owner, were destroyed.   It does not appear that any objection was made at the time to the want of such proof, nor that any doubt was then entertained by the defendants on that subject; and the defendants making no such objection then, it is now too late to rest upon it.   The Court consider the testimony describes a sufficient demand.

Chittenden,
December,
1825.

Ross
vs.
The Bank of
Burlington.

Thus we dispose of all the points in the case, except those arising upon the charge actually given to the jury.   It seems there must have been some mistake in expressing, or in penning down, the charge; for the Court could not have intended, exactly, what is expressed upon paper.   The case states the charge to be this : "The Court, having determined that eight hundred dollars, in genuine Burlington bank bills, of the denomination mentioned in the plaintiff's declaration, were destroyed on board the steam boat, on the 5th of September, 1819, they, (the jury), had nothing to do with the question, whether the bills were destroyed, or not, or the amount, or genuineness thereof; and, if they found, from the evidence submitted to them, that the plaintiff was the owner, or holder, of the bills, and that payment had been demanded, in the manner proved, they would return a verdict for the plaintiff to recover $800, with interest, from the time payment was demanded."   It seems impossible but that the Court should have seen, that the amount and genuineness, were proper questions for the jury.   Indeed, the question left to the jury, of the plaintiff's being the owner, or holder, implies the question as to the amount also : yet the Court do not disturb the verdict on this account.   In the first place, there appears to have been no litigation about the amount, on the trial before the jury; and, probably, the Court treated that point out of dispute, because the parties did so.

But, secondly, the Court consider they ought not to grant a new trial, upon a point, concerning which justice has been done, or, on account of a mistake, which could not have altered the verdict.   We find, that the Court left to the jury the question, whether the plaintiff was the owner, or holder, of the bills. Now, we conceive it impossible that a jury, finding the plaintiff to be the owner, could, from the testimony, have found the sum any other than $800.

The new trial is refused ; and judgment is rendered on the verdict, with interest to be added, according to the rule entered into, on respiting the judgment.

Prentiss, J. being of counsel in the cause, did not sit.

*Heman Allen* and *Chs. Adams*, attornies for the plaintiff.

*Samuel Prentiss*, attorney for defendants.