# ALBERT E. WHEELER

v.

# GILBERT ·M. CAMPBELL.

### MAY TERM, 1895.

*Consideration of deed shown by parol.    Understanding of
party to contract may be shown.    Competency
of witness.    Estoppel.*

1.  The true consideration of a deed may be shown by parol, although different from the one expressed in the instrument itself.

2.  The question at issue was whether the mortgage under which the plaintiff claimed was *bona fide*. This mortgage was from the plaintiff's brother and purported to secure a note of six hundred dollars. The defendant had brought out upon the plaintiff's cross-examination the fact that at about the date with the execution of the mortgage, the brother deeded the plaintiff his interest in a certain farm in Canada for the expressed consideration of eight hundred dollars, but that in reality no money was paid. *Held,* that the plaintiff might testify upon re-examination that by a verbal family understanding, he was to have this farm if he would remain at home and care for his father and mother, which he had done.

3.  The wife of the brother was a competent witness to conversations between the plaintiff and her husband as to the consideration of the note secured by the mortgage.

4.  She might testify, as identifying the occasion and characterizing the transaction, that she saw them figuring their accounts and heard the remark: "That is all right, that makes up the six hundred dollars."

5. The defendant in this suit was an officer who had attached the mortgaged property upon the debt of the mortgagor. The real defendant testified that before the attachment he was informed by the plaintiff, upon inquiry, that his brother owned the property, and that he caused the attachment to be made relying upon this. *Held*, that this fact, if true, would not estop the plaintiff from maintaining this suit, it not appearing that the object of the inquiry was revealed to him, nor that he made any representation as to his mortgage.

Assumpsit. Plea, the general issue. Trial by jury at the December term, 1894, Caledonia county, Munson, J., presiding. Verdict and judgment for the plaintiff. The defendant excepts.

The suit was brought to recover money in the hands of the defendant which had been received by him for certain property taken upon execution and sold by him, as an officer, in a suit in favor of Anthony LaFoe against George H. Wheeler. The plaintiff claimed said property by virtue of a chattel mortgage executed by George H. Wheeler to himself October 5, 1892. The defendant insisted that this mortgage was fraudulent and made for the purpose of keeping that property from attachment.

The plaintiff and George H. Wheeler were brothers. The mortgage purported to secure a note from George H. Wheeler to the plaintiff for six hundred dollars. The evidence of the plaintiff tended to show that the mortgage and note were written by one Willard, town clerk, in his office at Sutton, on the day they bore date; that the mortgage was left with him for record, and the note taken away by George H. Wheeler; that they went from the town clerk's office to the house of George H. Wheeler and there looked over their accounts; that there was found a balance of two hundred dollars due the plaintiff from said George H. Wheeler; and that the plaintiff thereupon paid his brother four hundred dollars in money and received from him this note.

It appeared upon the cross-examination of the plaintiff,

that October 13, 1892, the said George H. Wheeler conveyed to him, by deed, his interest in a certain farm in Canada for the expressed consideration of eight hundred dollars. Upon re-examination, the plaintiff was allowed to testify, subject to the exception of the defendant, that this farm was the old homestead, that by a parol family arrangement it was agreed and understood that he was to remain at home and care for his father and mother as long as they lived, and that if he did so, he was to have the farm; that he did so remain at home and care for his father and mother; that it was his understanding that by virtue of this agreement his brother had no interest in the farm, and that this was the real consideration for the deed, no money having been paid.

The wife of George H. Wheeler was permitted to testify, against the exception of the defendant, that she was present when her husband and the plaintiff returned from the town clerk's office; that she saw them figuring at the table, saw the plaintiff give her husband money, and heard the remark: "That is all right, that makes up the six hundred dollars."

LaFoe testified that before making the attachment he had a talk with the plaintiff about the ownership of the stock, that the plaintiff told him it belonged to his brother, and that he relied upon this statement in making the attachment. The defendant requested the court to charge that if this was found to be the fact, the plaintiff would be estopped from asserting his ownership in this suit. The court declined to so charge and the defendant excepted.

*Bates & May* for the defendant.

The contract in issue and on trial was the chattel mortgage from George H. Wheeler to the plaintiff. Therefore, the wife of George H. Wheeler was not a competent wit-

ness.　V. S., s. 1240, last clause; V. S., s. 1241; Greenl.
Ev., 11th Ed. 407.

The court should have charged as requested upon the es-
toppel. *Shaw* v. *Beebe,* 35 Vt. 208; *Soper* v. *Frank,* 47
Vt. 368: *Hick* v. *Cram,* 17 Vt. 449.

*W. P. Stafford* for the plaintiff.

The testimony of Mrs. George H. Wheeler was admis-
sible, she was a competent witness, and her testimony
served to characterize the occasion. *Ross* v. *Bank of Bur-
lington,* 1 Aik. 43; *Hill* v. *North,* 34 Vt. 604; *White* v.
*Morton,* 22 Vt. 15; *Bank of Woodstock* v. *Clark,* 25 Vt.
308; *State* v. *Howard,* 32 Vt. 380; *Eddy* v. *Davis,* 34 Vt.
209; *Barber* v. *Bennett,* 58 Vt. 476.

There was no estoppel. It does not appear that the
plaintiff knew that his statement to LaFoe was to be acted
upon. *Hicks* v. *Cram,* 17 Vt. 449; *White* v. *Langdon,* 30
Vt. 599. See as decisive of the present question: *Turner*
v. *Waldo,* 40 Vt. 51; *Wakefield* v. *Crossman,* 25 Vt. 298;
*Wooley* v. *Chamberlain,* 24 Vt. 270.

TAFT, J.　It was not error to admit parol testimony to
show that that the consideration of the conveyance of the
Canadian property from George H. Wheeler to the plaintiff
was not the one expressed in the deed. It is not essential
that the actual consideration of a deed be expressed therein.
It may be shown by parol. *Wood* v. *Beach,* 7 Vt. 522.

The defendant insists that it was error to permit the plain-
tiff to state his understanding of the contract, and not the facts
of the case. The defendant did state the facts. He stated
that he remained at home "upon a family parol understand-
ing and agreement" that he should have the farm in con-
sideration of paying his father's debts and supporting his
parents through life, that his brother was a party to the
understanding and agreement, and that, having fulfilled the

agreement on his part, in pursuance of such understanding, he took a conveyance, from his brother, of the latter's interest in the farm.   He further stated that he understood his brother had no interest in the farm because he, the plaintiff, had fulfilled the contract or understanding as above stated. The plaintiff paid no money consideration to his brother at the time of the conveyance, but, he testified, that the deed was given and received in pursuance of said long standing agreement.   The honesty of the transaction was brought in question, and as it was to a great extent the understanding of the parties that constituted the contract between them, the plaintiff had a right to state how he understood the matter, both as to establishing the contract, and as bearing upon his good faith.   What a person understands is often admissible as in *Linsley* v. *Lovely*, 26 Vt. 123 ; *State* v. *Lockwood*, .58 Vt. 378.

The wife of George H. Wheeler was a competent witness.   Her husband was not a party to the suit and could not be affected by any judgment rendered therein.   Her competency was not affected by s. 1240, V. S.   She was competent at common law.   That she could testify to conversations between her husband and a third person, see *Higbee* v. *McMillan*, 18 Kan. 133 ; *Mercer* v. *Patterson*, 41 Ind. 440 ; *Griffin* v. *Smith*, 45 Ind. 366. The testimony of Mrs. Wheeler was admissible.   She testified she saw the plaintiff give her husband money, saw them figuring their accounts, and heard the remark :   "That is all right, that makes up the six hundred dollars."   The testimony was admissible to identify the occasion.   *Hill* v. *North*, 34 Vt. 604, and as characterizing the act of figuring the amount of the accounts and payment of the money.   *Ross* v. *Bank*, 1 Aik. 43 ; *Barber* v. *Bennett*, 58 Vt. 476.

LaFoe, the real defendant, testified that before attaching the property in question the plaintiff told him it belonged to to his brother, and that he, LaFoe, relied upon the state-

ment in making the attachment, and requested the court to charge, if that fact was found, it would estop the plaintiff from now claiming it.   It does not appear that the plaintiff was inquired of concerning the property, nor, if so, that he was informed of the object of the inquiry.   The plaintiff's interest was that of a mortgagee and it does not appear that he made any representation as to his mortgage interest. That the alleged statements, if made, would not constitute an estoppel, see *Hicks* v. *Cram*, 17 Vt. 449; *Strong* v. *Ellsworth*, 26 Vt. 366; *White* v. *Langdon*, 30 Vt. 599; *Shaw* v. *Beebe*, 35 Vt. 205; *Soper* v. *Frank*, 47 Vt. 368.

*Judgment affirmed.*