**Charles E. Ladam v. Mildred E. Squires**

[ 241 A.2d 58 ]

February Term, 1968

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed April 2, 1968

*Hanford G. Davis* for the Plaintiff.

*Harold J. Arthur* and *John A. Burgess* for the Defendant.

**Barney, J.** The plaintiff, a widower in his 80's advertised for a housekeeper-companion. The defendant responded. At the time, the plaintiff had recently acquired a relatively new, but more or less unfurnished, house. It was to be the privilege of the housekeeper to select the remaining necessary furnishings.

But the more critical aspect of the arrangement included the proposed transfer of the house and furnishings to the defendant, on the death of the plaintiff. The findings relate, and the transcript confirms, that the agreement was the usual one that the defendant, in return, was to serve as housekeeper and companion. Agreement reached, the plaintiff executed a deed of his property to the defendant, reserving a life estate. Within a week, differences arose, and the defendant left. But the deed remains a matter of record.

The plaintiff turned to chancery for relief. His bill of complaint asked that the deed, as well as any related agreement, be rescinded, set aside and canceled, as well as including a general prayer for such

further relief as may be proper. The chancellor made findings, entered a decree canceling the deed in question and ordered a reconveyance by the defendant.

The defendant frames the problem in terms of alteration of the provisions of a written instrument by parol. The deed in question does not purport to spell out the bargain promise for which it was exchanged. It simply acknowledges the receipt of consideration in the conventional language of "One dollar and other valuable considerations." When there is such a recital of consideration received, it is usually taken merely as a written acknowledgment of payment. It is only where the acknowledged mutual promises have their terms spelled out in the written instrument that considerations outside the deed cannot be taken into account. 9 Wigmore, Evidence, §2433, page 108 (3 ed. 1940).

It is stated in our cases that it is not error to admit parol testimony to show that the consideration of a conveyance is not the one expressed in the deed. *Wheeler* v. *Campbell,* 68 Vt. 98, 101, 34 A. 35. The parol evidence rule does not preclude, as between the original parties, as here, proof of failure of consideration. *Citizens Sav. Bk. & Tr. Co. v. Paradis & Sons,* 102 Vt. 114, 118, 146 A. 3.

It follows, as is stated in *Wheeler* v. *Campbell, supra,* that the deed need not state the actual consideration. This is the customary situation in an ordinary conveyance in Vermont. Thus the chancellor's finding, to the effect that the deed should be reformed to include a recital of the consideration of life time care of the plaintiff by the defendant, was not essential. With the evidence standing as it did, that this was the actual consideration of the deed, it was properly for the attention of the court, though unwritten.

The evidence was uncontradicted that the consideration was not furnished. The defendant stayed only one week beyond the time within which she prevailed upon the plaintiff to execute a will in her favor and a deed of the premises, reserving him a life estate. As was said in *Citizens Sav. Bk. & Tr. Co.* v. *Paradis & Sons, supra,* 102 Vt. 114, 118, 146A. 3, 4: "This promise was the consideration * * *; and since it was not fulfilled, the consideration failed."

The defendant argues that the remedy is at law, not equity. But the relief prayed for in the petition, and ultimately granted as part

of the decree, is cancellation of the instrument. This very argument was advanced in the case of *Slafter and Savage's Admr.* v. *Savage,* 89 Vt. 352, 358, 95 A. 790, 792. This court disposed of the issue in this manner: "But, since the cancellation of a deed of real estate is sought in these proceedings, it is futile to argue that a court of equity is without jurisdiction." This language is hardly to be improved upon.

*Decree affirmed.*