## Garth M. Carter v. Sherburne Corporation

[315 A.2d 870]

No. 89-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed February 5, 1974

*Henry J. Battles, Esq.*, and *Richard Walsh Norton, Esq.*, Rutland, for Plaintiff.

*Robert E. Broderick, Esq.*, of *Ryan, Smith & Carbine*, Rutland, for Defendant.

**Shangraw, C.J.** This is an appeal by the defendant from a judgment of the Rutland County Court. The subject matter of the litigation is work done and materials furnished by the plaintiff in connection with a development of the defendant's near Sherburne Mountain. The plaintiff claimed that he was not fully paid for labor and materials furnished under written contracts, and that he was entitled to further amounts on a *quantum meruit* basis for labor and materials furnished without express agreement as to price. The defendant claimed defective performance and payment for everything due, and asserted a counterclaim for expense necessitated by plaintiff's alleged failure to fulfill contractual commitments. The court found that the plaintiff was in substantial compliance under his contracts, that the defendant had no right to terminate the contracts, and that the defendant's counterclaim was without foundation. The court also found that the plaintiff performed other work for the defendant without compensation under a promise for additional work which was not fulfilled by the defendant. Plaintiff was awarded various sums for unpaid invoices, payment for other work done for the defendant, and interest. The defendant corporation has appealed.

The facts as found by the court are, in substance, as follows:

There were four written contracts between the parties covering (a) the furnishing and placing of gravel on one road, (b) the drilling and blasting of rock on various residential roads, (c) road construction, and (d) the cutting and grubbing of a gondola lift-line. The contracts called for weekly progress payments based upon work completed with a provision for retaining 10% until ten days after final acceptance. The billings from the plaintiff to the defendant

amounted to $52,571.25, of which $41,368.05 was paid by the defendant. The difference between the $52,571.25 billed, and $41,368.05 paid, comprised $4,596.45 retained by the defendant under its holdback provision, and adjustments claimed by the defendant of $6,606.75. The court found that adjustments in the amount of $4,747.25 were improperly taken by the defendant and that amount was decreed to the plaintiff. In addition the court found that the plaintiff was entitled to all the retainage held by the defendant.

As to the defendant's contention that the plaintiff's performance was unsatisfactory and, in particular, that the plaintiff failed to abide by the completion schedules in the contracts, the court found that on the whole, the plaintiff rendered substantial performance under the contracts without major complaints from the defendant up to the time it terminated the contracts. The court found further, that time was not of the essence of the contracts, that many of the delays were due to the directions of the defendant in constantly shifting the plaintiff's activities from one contract to another, and that other delays were financial in origin, in that the plaintiff had difficulty meeting his outstanding obligations because of payments withheld by the defendant without justification.

The court also found that the defendant's representatives promised the plaintiff extensive additional work contracts, that in return for this promise the plaintiff agreed to do certain work without compensation, that the plaintiff did in fact do some of this work, and that the additional work promised by the defendant was not awarded to the plaintiff. The court held that the plaintiff was justified in his reliance on defendant's promise, and that he could recover his expenses and the value of his services from the defendant on a *quantum meruit* basis.

Defendant claims the court erred in its ruling that the plaintiff was in substantial compliance under his contracts and in its finding that the plaintiff was entitled to recover certain sums under the gondola lift-line contract. In addition, defendant claims that the court was in error in allowing the plaintiff recovery on a *quantum meruit* basis as parole evidence was improperly admitted, and the recovery granted was not in accordance with the terms of the contract.

■ The defendant makes exhaustive challenges to the court's findings of fact, urging that they are unsupported by substantial evidence. The standard by which such challenges are tested is stated in V.R.C.P. 52(a). This Court has held that the standard used under the previous statutory requirement, 12 V.S.A. § 2385, is essentially the same as that found in V.R.C.P. 52(a), and that therefore, Vermont case law applies to the present rule. *Seaway Shopping Center Corporation* v. *Grand Union Stores, Inc.*, 132 Vt. 111, 315 A.2d 483 (1974). We have examined the record and find no basis for disturbing the facts as found by the county court. The findings are clearly and reasonably supported by the evidence, and must stand. *Largess* v. *Tatem*, 130 Vt. 271, 291 A.2d 398 (1972); *Little* v. *Little*, 124 Vt. 178, 200 A.2d 276 (1964); *Seaway Shopping Center Corporation* v. *Grand Union Stores, Inc., supra.*

The defendant's primary contention is that the court's ruling that the plaintiff was in substantial compliance under his contracts is error. The contention is that this ruling was based on the erroneous conclusion that time was not of the essence of the contracts, and that as time was of the essence and plaintiff failed to perform within the time specified, plaintiff was not in substantial compliance and defendant is entitled to the amounts withheld as retainage.

■■ Where time is of the essence, performance on time is a constructive condition of the other party's duty, usually the duty to pay for the performance rendered. *Jones* v. *United States*, 96 U.S. 24 (1877). Time may be made of the essence of a contract by a stipulation to that effect, *Cheney* v. *Libby*, 134 U.S. 68, 33 L.Ed. 810, 10 S.Ct. 498 (1890), or by any language that expressly provides that the contract will be void if performance is not within a specified time. *Sowles* v. *Hall*, 62 Vt. 247, 20 A. 810 (1890). Where the parties have not expressly declared their intention, the determination as to whether time is of the essence depends on the intention of the parties, the circumstances surrounding the transaction, and the subject matter of the contract. *Kennedy* v. *Rutter*, 110 Vt. 332, 6 A.2d 17 (1939).

■ As a general rule, time is not of the essence in a building or construction contract in the absence of an express

provision making it such. 13 Am.Jur.2d *Building and Construction Contracts* § 47.

> Construction contracts are subject to many delays for innumerable reasons, the blame for which may be difficult to assess. The structure . . . becomes part of the land and adds to the wealth of its owner. Delays are generally foreseen as probable; and the risks thereof are discounted . . . . The complexities of the work, the difficulties commonly encountered, the custom of men in such cases, all these lead to the result that performance at the agreed time by the contractor is not of the essence. 3A A. Corbin, Contracts § 720, at 377 (1960).

We conclude, then, that time was not of the essence of any of the contracts considered here. None of the four contracts included express language making time of the essence, and we can find nothing in the circumstances surrounding these contracts that would lift them out of the operation of the general rule. Two of the contracts called for completion dates and forfeitures for non-completion on schedule, but the inclusion of dates in construction contracts does not make time of the essence. *De Sombre* v. *Bickel,* 18 Wis.2d 390, 118 N.W.2d 868 (1963). Moreover, the inclusion of penalty or forfeiture provisions for non-completion on schedule is strong evidence that time is not of the essence and that performance on time is not a condition of the other party's duty to accept and pay for the performance rendered. 3A A. Corbin, Contracts § 720 (1960).

Ordinarily, in contracts where time is not of the essence, a failure to complete the work within the specified time will not terminate the contract, but it will subject the contractor to damages for the delay. See 13 Am.Jur.2d *Building and Construction Contracts* § 47. However, in this case, most of the delays were due to the actions of the defendant corporation in constantly shifting the plaintiff's activities from one contract to another, *c.f.* 17A C.J.S. *Contracts* § 502(4), and in improperly withholding the plaintiff's payments. *C.f. Orange, Alexandria and Manassas R. R. Co.* v. *Placide,* 35 Md. 315 (1871). Delay in the performance of a contract will, as a rule, be excused where it is caused by the act or default of the opposite party, *Schneider* v. *Saul,* 224 Md.

454, 168 A.2d 375 (1961); *District of Columbia* v. *Camden Iron Works*, 181 U.S. 453, 45 L.Ed. 948, 21 S.Ct. 680 (1901); 17 Am.Jur.2d *Contracts* § 389; 13 Am.Jur.2d, *Building and Construction Contracts* § 48, or by the act or default of persons for whose conduct the opposite party is responsible. See Annot., 152 A.L.R. 1390 (1944). Where this is the case, the contractor will not be held liable, under a provision for liquidated damages or otherwise, for his non-compliance with the terms of the contract, see *Wallis* v. *Wenham*, 204 Mass. 83, 90 N.E. 396 (1910); *Boylston Housing Corp.* v. *O'Toole*, 321 Mass. 538, 74 N.E.2d 288, 172 A.L.R. 1251 (1947); Annot., 152 A.L.R. 350 (1944), and his non-compliance will not be considered a breach. See *District of Columbia* v. *Camden Iron Works, supra.* An obligation of good faith and fair dealing is an implied term in every contract, *H.P. Hood and Sons* v. *Heins*, 124 Vt. 331, 205 A.2d 561 (1964); *Shaw* v. *E. I. Dupont de Nemours & Co.*, 126 Vt. 206, 226 A.2d 903 (1967), and a party may not obstruct, hinder, or delay a contractor's work and then seek damages for the delay thus occasioned.

■■■ Defendant also disputes the court's conclusions with respect to the gondola lift-line contract. Defendant informed the plaintiff in April, 1968, that no more progress payments would be made on the gondola contract. At that time, plaintiff had completed a substantial portion of the contracted work, but had not yet invoiced it. After defendant's notice, plaintiff continued to work on the lift-line, but was forced to stop for financial reasons. Defendant claims that the plaintiff is not entitled to recover for work done or invoiced after the notice concerning termination of payments.

Defendant's April notice concerned only the progress payments due the plaintiff. It was not a notice of contract termination. In the absence of a total disavowal of the contract, failure of payment does not require an immediate cessation of performance. *Williams* v. *Carter*, 129 Vt. 619, 285 A.2d 735 (1971). The contracts between the plaintiff and the defendant were not terminated until June of 1968. The termination was without legal justification, and the plaintiff is entitled to recover the contract price for all work done before the termination date.

As to the defendant's contentions regarding the parties'

contract for additional work, it is clear that the parties entered into an express, although unformalized, contract for good consideration. The court's findings and conclusions with respect to the contract itself are entirely proper. The consideration rendered by the plaintiff was legally sufficient in that the work performed was independent of the parties' previous agreements, 17 Am.Jur.2d *Contracts* § 353, and, contrary to the defendant's contention, the parol evidence rule does not preclude, as between original parties, proof of failure of consideration. *Ladam* v. *Squires*, 127 Vt. 95, 97, 241 A.2d 58 (1968), citing *Citizens Sav. Bk. & Tr. Co.* v. *Paradis & Sons*, 102 Vt. 114, 118, 146 A. 3 (1929).

With respect to the recovery granted the plaintiff, failure to perform the agreed exchange gives rise to several remedies, one of which is recovery on a *quantum meruit* basis. An action in *quantum meruit* is distinct from one for damages. Its purpose is to require the wrongdoer to restore what he has received from the plaintiff's performance of the contract, *Gilman* v. *Hall*, 11 Vt. 510 (1839), and the measure of recovery is the reasonable value of the performance rendered, uncontrolled by the contract price or by any other terms of the express contract. *Derby* v. *Johnson*, 21 Vt. 17 (1848); 5 A. Corbin, *Contracts* §§ 1112, 1113 (1964). The Court's finding and conclusions are therefore correct.

*Judgment affirmed.*