Filed 11/14/25

VERMONT SUPERIOR COURT

Chittenden Unit
175 Main Street
Burlington VT 05401
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 25-CV-02102

---

**Ante Pavelic v. Laura Mack et al**

---

## ENTRY REGARDING MOTION

Title:        Motion for Judgment on the Pleadings; Motion to Strike, or in the Alternative, Opposition to Defendants' Sur-Reply (Motions: 1; 2)
Filer:        Shapleigh Smith
Filed Date:    September 15, 2025; November 03, 2025

This case involves the would-be purchase of real property by Plaintiff Ante Pavelic from Defendants Steven and Laura Mack (collectively, "the Macks"). For the reasons that follow, the court (1) denies Pavelic's Motion for Judgment on the Pleadings (Motion #1); (2) denies in part Pavelic's Motion to Strike the Macks' Sur-Reply (Motion #2); and (3) grants in part Pavelic's Motion, in the Alternative, for treatment as an Opposition to the Macks' Sur-Reply (Motion #2).

### I. Background

The case background comes from the parties' various filings considered by the court. (*See* Pavelic's Sep. 15, 2025 Motion for Judgment on the Pleadings; the Macks' Oct. 13, 2025 Opposition; Pavelic's Oct. 22, 2025 Reply; the Macks' Oct. 28, 2025 Sur-Reply; and Pavelic's Nov. 3, 2025 Motion to Strike or, in the Alternative, Opposition to the Macks' Sur-Reply.)

#### A. Agreed Facts

On March 28, 2024, the Macks entered into a contract to sell to Pavelic certain real property in Charlotte (the "P&S") (Compl. ¶5, Answ. ¶5.) In exchange, Pavelic agreed to pay the Macks a total purchase price of $450,000. (Compl. ¶6; Answ. ¶6.) Under the P&S, the Macks agreed to "deliver to [Pavelic] at closing a Vermont warranty deed… conveying marketable title to the Property." (Compl. ¶7; Answ. ¶7.) The parties agree that that the P&S constituted a valid and binding contract. (Counterclaim ¶24, Answ. to Counterclaim ¶24.) The parties initially scheduled closing for July 26, 2024. (Compl. ¶11; Answ. ¶11.)

Disputes arose and they did not close on July 26, 2024. (Counterclaim ¶7, Answ. to Counterclaim ¶7; Counterclaim ¶9, Answ. to Counterclaim ¶9.) The parties mediated their differences (Compl. ¶13, Answ. ¶13) and, on September 3, 2024, executed a Settlement Agreement. (Compl. ¶14; Answ. ¶14.) The parties agree that the Settlement Agreement constituted a valid and binding contract. (Counterclaim ¶26, Answ. to Counterclaim ¶26.) The Settlement Agreement required a closing date of no later than January 15, 2025. (Compl. ¶15; Answ. ¶15.) No closing took place then either. (Counterclaim ¶17, Answ. to Counterclaim ¶17.)

## B. Disputed Facts

The parties otherwise disagree on the events that bring them together in this case. According to the Macks (whose perspective the court must adopt under Rule 12(c) as noted below), they notified Pavelic on May 31, 2024 (prior to the first scheduled closing) that he had repudiated or breached the P&S. (Counterclaim ¶8.) Nevertheless, following the Settlement Agreement, the Macks arrived at the the second scheduled closing on January 15, 2025 prepared to proceed, but Pavelic's purchase funds had not arrived. (*Id.* ¶¶13-15.) The Macks offered to extend the closing until noon on January 16, 2025. Pavelic requested until January 17, 2025 but the Macks declined. (*Id.* ¶¶16-17.) In the Macks' minds, since the P&S provided that "[t]ime [wa]s of the [e]ssence," Pavelic's failure to tender the purchase money constituted a breach of the P&S, relieving them of further P&S or Settlement Agreement obligations. (*Id.* ¶¶18-21.) Pavelic disagrees almost entirely with the Macks' perspective. (Answ. to Counterclaim ¶¶8, 13-16, 18, 20-21.) In particular, Pavelic disputes the essence of time in the P&S and asserts his entitlement to specific performance. (*See generally* Pavelic's Mot. (outlining why time was not of the essence in the P&S).)

## II. Discussion

To decide a motion under V.R.Civ.P. 12(c),

> The question "is whether, once the pleadings are closed, the movant is entitled to judgment as a matter of law on the basis of the pleadings." "For the purposes of [a] motion [for judgment on the pleadings] all well pleaded factual allegations in the nonmovant's pleadings and all reasonable inferences that can be drawn therefrom are assumed to be true and all contravening assertions in the movant's pleadings are taken to be false." "A [movant] may not secure judgment on the pleadings if contained therein are allegations that, if proved, would permit recovery."

*Island Indus., LLC v. Town of Grand Isle*, 215 Vt. 162, 169 (2021) (citations omitted). "The motion for a judgment on the pleadings only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the . . . court." 5C Wright & Miller, *Federal Practice and Procedure Civ.* § 1367 (3d ed.).

In this case, the court must decide a good bit more than "only questions of law." It must decide the essence of time which it cannot unless it "'look[s] at the whole scope of the transaction to see whether the parties really meant the time named to be of the essence of the contract.'" *Colony Park Assocs. v. Gail*, 154 Vt. 1, 4 (1990) (quoting *McLean v. Windham Light & Lumber Co.*, 85 Vt. 167, 182 (1911) (citations omitted)).

> Where time is of the essence, performance on time is a constructive condition of the other party's duty, usually the duty to pay for the performance rendered. Time may be made of the essence of a contract by a stipulation to that effect, or by any language that expressly provides that the contract will be void if performance is not within a specified time. Where the parties have not expressly declared their intention, the determination as to whether time is of the essence depends on the intention of

the parties, the circumstances surrounding the transaction, and the subject matter of the contract.

*Carter v. Sherburne Corp.*, 132 Vt. 88, 92 (1974) (citations omitted). In both *Colony Park Assocs.* and *Carter*, the Vermont Supreme Court reached its conclusions only after reviewing a fully developed factual record to determine "the intention of the parties [and] the circumstances surrounding the transaction" and to look "at the whole scope of the transaction to see whether the parties really meant the time named to be of the essence of the contract." *See Colony Park Assocs.*, 154 Vt. at 4; *Carter*, 132 Vt. at 92.

Applying these standards, the court denies Pavelic's motion for judgment on the pleadings for two reasons, either of which suffices. First, taking the Macks' allegations as true, as the court must, bars judgment on the pleadings. The Macks have alleged that time was of the essence in the contemplated transaction. (Macks' Opp. at 5 ("Defendants believe that time was of the essence in this property transaction as evidenced by paragraph 31 in the [P&S].".) "Where time is of the essence, a buyer of land cannot compel delivery of the deed unless payment is tendered at the time specified in the contract." *Colony Park Assocs.*, 154 Vt. at 4 (citation omitted). Pavelic never tendered payment to the Macks. These allegations alone preclude Pavelic's request for judgment on the pleadings on his claim for specific performance. *See Island Indus., LLC*, 215 Vt. at 169.

Second, the cases cited by the parties show the inappropriateness of granting Pavelic's Rule 12(c) motion now. No factual record exists by which to determine "the intention of the parties, the circumstances surrounding the transaction" and to look "at the whole scope of the transaction to see whether the parties really meant the time named to be of the essence of the contract." *See Colony Park Assocs.*, 154 Vt. at 4; *Carter*, 132 Vt. at 92. Both Pavelic and the Macks urge the court to look beyond the pleadings. (*Compare also e.g.*, Pavelic's Mot. at 7 (asserting that the court must "[c]onsider[] the entire context of the parties' dealings" to assess the legal significance of the Macks' "boilerplate time of the essence provision in the initial purchase and sale agreement, which was subsequently amended by a settlement agreement that did not specify time was of the essence.") *with* Macks' Opp. at 5 ("In looking at the whole scope of the transaction to see whether the parties really meant the time named to be of the essence of the contract, there is a substantial factual dispute that cannot be resolved on the pleadings alone.").) Without a factual record, the court lacks the ability to do what the case law requires.

Considering the exhibits appended to Pavelic's Complaint under V.R.Civ.P. 10(c) does not help. Pavelic's exhibits, taken together with the rest of the pleadings, likewise do not reveal "the intention of the parties [or] the circumstances surrounding the transaction" and do not enable the court to "'look at the whole scope of the transaction to see whether the parties really meant the time named to be of the essence of the contract.'" *See Colony Park Assocs.*, 154 Vt. at 4; *Carter*, 132 Vt. at 92. (*See also* Pavelic's Mot. at 4 ("The sole question is whether [Pavelic] is entitled to specific performance . . . [a question which] rises and falls on whether time was of the essence . . . .")). Instead, the court can only make those assessments by examining a factual record which the parties have not yet developed.

While Rule 12(c) permits the court to treat Pavelic's pending Motion as one for summary judgment, neither party has requested as much. *See* V.R.Civ.P. 12(c) ("If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the

motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.").  That treatment seems premature in any event where discovery has not begun.

### III. Order

Accordingly, this court (1) denies Pavelic's Motion for Judgment on the Pleadings (Motion #1); (2) denies in part Pavelic's Motion to Strike the Macks' Sur-Reply (Motion #2); and (3) grants in part Pavelic's Motion, in the Alternative, for treatment as an Opposition to the Macks' Sur-Reply (Motion #2).

The parties shall file jointly a discovery schedule and proposed order by December 2, 2025.

So ordered.

Electronically signed on November 14, 2025 pursuant to V.R.E.F. 9(d)

Colin Owyang
Superior Court Judge