WILLIAM SOWLES v. JOHN M. SOWLES.

A paper, signed by the payee to the maker of a note, stating the consideration of the note, but containing no contract, is not conclusive upon the maker. He may show, by parol, that the consideration was different.

THIS was an action of assumpsit on a note for $34,06. Plea general issue, and trial by the court.

On the trial of the cause in the county court, the defendant admitted the execution of the note, but offered in defence the following facts in evidence; that one Alanson D. Loop, late of Alburgh, deceased, was, in his life time, guardian of his two sisters Almira D. and Melissa A. Loop, and that the defendant was executor of the last will and testament of the said Alanson D. A short time after the death of Alanson D., Almira D. Loop died, and Augustus P. Loop was her executor, and also guardian of Melissa. The estate of Alanson D. was represented insolvent, and there was found due, by the commissioners on said estate, to Augustus P. Loop, as executor of Almira D. Loop, two hundred and thirty dollars, and also, as guardian of Melissa, two hundred dollars. Some time after this, Augustus P. Loop died and the plaintiff was appointed administrator of his estate. At the time of the death of the said Augustus P. Loop, these sums had not been paid, and the note in question was given for the balance due from the defendant, as executor of the said Alanson D.'s estate. To prove the issue the following receipt was introduced, to wit:—

"Whereas, upon the settlement of A. D. Loop's estate, "there were allowed on said estate the following sums; in fa- "vor of A. P. Loop, 11,61; also in his favor, as guardian for "Melissa A. Loop, $269,03, also in his favor as executor of "A. D. Loop, $215,36, upon which there was a dividend of "73 cents eight mills on the dollar, making the above sums "$8,57 and $158,93, and $198,54, and the balance still "now due and unpaid upon the above sums is $34,06, which "I have this day received John M. Sowles' note for in full.

WILLIAM SOWLES.

Alburgh, 13th May, 1836."

The defendant offered parol evidence to prove that the note was given exclusively for the balance due A. P. Loop,

as executor and guardian of his two sisters, but the court excluded the evidence on the ground that the parties were bound by the receipt, and rendered judgment for the plaintiff; to which the defendant excepted.

*F. Hazen,* for defendant.

*G. Harrington,* for plaintiff.

The opinion of the court was delivered by

COLLAMER, J.—When this cause was before us, at the last term, it was decided, that if this note was given for the debt due Almira or Melissa Loop, or their legal representatives, it was without consideration, and uncollectable, as it was received by the plaintiff under a claim of right, when, in fact, as the administrator of Augustus, he had no legal right, and was an entire stranger, and could give no legal discharge.— 10 Vt. R. 181. On the new trial, it appears that a writing or receipt was produced, signed by the plaintiff, purporting to state for what consideration he received this note, and including a receipt in full for the consideration. The defendant offered to prove, by parol, that, in fact, the whole amount, for which the note was given, was due on the debts of Almira and Melissa, and this was rejected by the court. It is undoubtedly true, that a man is not permitted to add to, vary, or contradict, by parol, his written *contract,* but that rule cannot be applied to this case. This writing is no contract, and is not signed by the defendant. It is a concession of facts *by the plaintiff,* which can never be conclusive on *the defendant ;* and it is a receipt which any one, even the signer, may vary or contradict, by parol. Neither is it very obvious that the testimony offered would contradict this receipt. The receipt, indeed, purports that three claims were settled and the note given for a balance. That is not contradicted by showing that one of those claims had been specifically paid in full before, and that the balance was all due on the others. The testimony offered by the defendant should have been admitted.

*Judgment reversed.*