HENRY ALLEN *v.* HENRY H. SPAFFORD, APPELLANT.

*Parol Evidence.     Written Instruments.     Trustee Process.*
*Judgment.*

The plaintiff, a soldier, gave the defendant a power of attorney to draw his seven dollars per month state pay, as the same should become due, and a written order to pay it to M, after paying himself what might be due him, until further notice. The defendant drew fifty-six dollars, and paid M twenty-one dollars. The defendant having testified that the plaintiff told him when the order was given that the plaintiff was owing M, and that was the reason why he wanted the defendant to pay M the money, it was *held* that the plaintiff was properly allowed to testify that when he gave the order the defendant was not to pay M any more than what the plaintiff was then owing him, unless by way of loan.

Moreover, the object and purpose of the parties, in giving the order, was open to proof by parol on the question of consideration.

After the defendant had paid M the amount of his claim against the plaintiff, he was sued as trustee in an action against M by C, and suffered judgment by default. *Held* that the plaintiff's money in defendant's hands was not affected thereby. It was the defendant's duty, under the circumstances, to appear and make disclosure in order to conclude the rights of the plaintiff against him.

ASSUMPSIT for money had and received.     Plea, the general issue and notice.     Trial by jury, December term, 1868, BARRETT, J., presiding.

The plaintiff's evidence tended to prove that April 1st, 1862, he enlisted into the United States service, and was entitled to $7 per month state pay.     That on the 7th of said April, he arranged with the defendant to draw said state pay for and on his (plaintiff's) account, and at the same time he handed to the defendant the following writing :

" Weathersfield, April 7, 1862.

"*Henry H. Spafford :*—Please pay to Samuel Merrill the extra pay that may be due me from the State of Vermont, after paying yourself what may be due you, until further notice.

HENRY ALLEN."

That said Merrill was with him when he handed said writing to the defendant ; that he was then owing Merrill $17, and then so told the defendant.

The defendant had previously testified that when the plaintiff gave him that order he said he was owing Merrill, and this was the reason why he wanted the defendant to pay money to Merrill.

After the aforesaid evidence on both sides had been given, the plaintiff, under objection by the defendant, testified that when he gave said order, the defendant was not to pay Merrill any more than what the plaintiff was then owing Merrill—unless by way of a loan ; that the plaintiff told the defendant that if Merrill should want any more money than what the plaintiff owed him, the defendant might lend it to him. To this the defendant excepted.

On the 2d of May, 1862, and not before, the plaintiff, in Virginia, executed and sent a written power of attorney to the defendant—a copy of which is given below, the original being put in evidence.

The defendant drew and received $56 of the plaintiff's state pay, of which, in the month of August, 1862, he paid Merrill some $21,—three dollars of which Merrill sent to the plaintiff in the army. The rest Merrill retained under said order. The residue of said $56, except the amount of the verdict in this case, the defendant properly accounted for to the plaintiff.

On the 31st of December, 1862, a Mr. Cummings brought a suit against said Merrill, and therein summoned the defendant and two others as trustees, which was duly entered in the Windsor county court, May term, 1863, and judgment rendered against Merrill for $142.17. The defendant did not appear as trustee, and so was defaulted, and judgment against him was entered for $42.22, being the balance of Cummings' judgment not satisfied out of the other trustees. On the judgment against this defendant as trustee, he paid to Cummings $23.74, in full discharge thereof.

The jury found specially, upon legitimate evidence, that the plaintiff was owing Merrill only $17, as the plaintiff had testified, which had been overpaid, under said order, as above stated, in August, 1862.

The controversy in this case is whether the payment by the defendant of the said $23.74 acquits and discharges him from liability for the same to the plaintiff.

The defendant claimed and testified that along just before the May term of the county court, 1863, the plaintiff and he agreed that he should not appear at said term and disclose, the plaintiff

saying that no service had been made on Merrill, the principal debtor in that trustee suit.

The plaintiff testified, in rebutting, in substance that the defendant agreed to go and make disclosure and attend to the matter, etc.

The court instructed the jury that if said order was given for the purpose, and on the understanding, and under the circumstances testified by the plaintiff, the defendant did not become the debtor of said Merrill for money of the plaintiff that came into the defendant's hands while holding said order, beyond the amount that the plaintiff was owing Merrill ; and if at the time said trustee process was served, Merrill had been paid, the defendant was not liable as the trustee of Merrill under said process, whether said order had been previously revoked or not.

And that if they should so find, and should also find that the defendant's neglect to appear and answer as trustee, in said suit of Cummings, was not by reason of any understanding or agreement between him and the plaintiff, but because he voluntarily elected so to do, without the plaintiff's knowledge or consent, and contrary to the plaintiff's reasonable expectation, whereby said judgment had been rendered against the defendant as said trustee without the plaintiff's entering as claimant for his own protection, the defendant could not shield himself from liability to the plaintiff under that trustee judgment and his payment upon it, even though they should fail to find that the plaintiff directed the defendant to go to the court and disclose.

To this part of the charge the defendant excepted. Verdict for the plaintiff.

" Know all men by these presents, that I, Henry Allen, a member of company H, of the 2d regiment, Vermont volunteers, do hereby constitute and appoint Henry H. Spafford, of Weathersfield, State of Vermont, my true and lawful attorney, for me and in my name, to draw my extra pay of $7 per month from the treasurer of the State of Vermont, as the same shall become due, during my term of service, and on receipt of such pay to give a full discharge therefor."

Dated and executed in due form.

*Deane & Seaver*, for the defendant, cited upon the question of admissibility of the parol testimony objected to, *Peaslee* v. *Staniford*, 1 D. Chip., 170 ; and as to the effect of the trustee

process, *Minchin* v. *Moore*, 11 Mass., 90 ; *Crampton* v. *Ballard*, 10 Vt., 251.

*Gilbert A. Davis*, for the plaintiff, maintained that the parol testimony objected to was admissible, and cited 1 Ph. on Ev., 406, *et seq.* ; *Carver* v. *Tracy*, 3 Johns., 427 ; *Whitewell* v. *Wyer*, 11 Mass., 6. The rule excluding parol evidence to vary, etc., does not apply in cases where the original contract was verbal and entire, and part only of it was reduced to writing. 1 Gr. on Ev., § 285, *a* ; *Lapham* v. *Whipple*, 8 Met., 59 ; *Gerrish* v. *Washburn*, 9 Pick., 338 ; *Scovill* v. *Griffith*, 12 N. Y., 509 ; *Perkins* v. *Adams*, 30 Vt., 230 ; *Wills* v. *Barrister*, 36 Vt., 220. That it was the defendant's duty to appear and make disclosure in the trustee suit. Drake on Attach., § 717 ; *Seward* v. *Heflin*, 20 Vt., 144 ; Gen. Sts., p. 314, § 54 ; *Marsh* v. *Davis*, 24 Vt., 363 ; *Prescott* v. *Hull*, 17 Johns., 284.

The opinion of the court was delivered by

PROUT, J. The written instrument, in respect to which parol testimony was admitted by the court, indicates the purpose for which it was given. The plaintiff had enlisted and was about to enter the military service of the United States. He drew the order for his extra state pay, which it was contemplated would come into the hands of the defendant by virtue of the power of attorney, made a part of the case. It was not given, so far as the case shows, upon any consideration, except as to the sum of seventeen dollars due from the plaintiff to Merrill, and for what might become due the defendant. Merrill was paid, as the case finds, and it is not claimed that any thing became due the defendant. Another fact is noticeable, and that is, Merrill was not aware of the existence of the instrument, and makes no claim to any part of the fund to which it refers. In view of these facts, the writing is a mere direction to the defendant holding the money for the plaintiff, as to its appropriation, and does not conclusively create or fix a debt upon him, either in favor of Merrill or the defendant. This is apparent from its terms, so far as Merrill is concerned, as it was revocable upon notice. But another view,

The consideration upon which the writing was given is open to inquiry. If none existed, as between these parties, the defendant had no claim to the money, but held it for the plaintiff and as his debtor. That could be shown only by parol, which necessarily lets the plaintiff into proof as to the object and purpose the parties had in view in giving it ; and with that evidence, the court were able to give it effect according to that object, and as the parties intended. As the court say in *Perkins* v. *Adams*, 30 Vt., 230, the "unwritten as well as written part" of the contract is to be taken into consideration. The case, as to the admissibility of the evidence objected to, falls within the principle of that decision.

As to the judgment in the trustee suit, which the defendant relies upon, as protecting him against a recovery in this action, the plaintiff was not a party, as claimant or otherwise, to it ; and his money, in the defendant's hands, is not affected by that proceeding. It was the defendant's duty, if he desired to conclude the plaintiff's right or to protect himself, to have appeared, made disclosure and brought the facts " into the view of the court." Had he done so, no doubt he would have been discharged as trustee of Merrill, as the statute exempts a soldier's state pay, as this fund was, from attachment. Beside, the defendant, independent of any implied obligation arising from his relation to the plaintiff in respect to this money, assumed the duty of appearing in that suit, as the jury must have found ; promised the plaintiff that he would, and make disclosure ; and the plaintiff, no doubt, otherwise would have appeared and asserted his claim to the fund. As between these parties, under such circumstances, that judgment was unfairly obtained, and the defendant can not claim any advantage from it. *Marsh* v. *Davis*, 24 Vt., 363.

The judgment of the county court is affirmed.