# COUNTY OF CHITTENDEN,

#### AT THE

## JANUARY TERM, 1871.

PRESENT:

Hon. JAMES BARRETT,
Hon. HOYT H. WHEELER,  }
Hon. HOMER E. ROYCE,   } Assistant Judges.
Hon. TIMOTHY P. REDFIELD, }

---

RANSOM C. PIERCE *v.* WILLIAM BREW AND OTHERS.

[IN CHANCERY.]

*Mortgage. Foreclosure. Payment. Taxes. Deed. Evidence.*

Unless a deed professes to set out specifically the terms of the trade and just what the consideration consisted of, evidence *aliunde* is admissible to show the real consideration of the conveyance.

Not decided whether taxes assessed on a list in existence at the time of, though not assessed until after, a conveyance, constitute an incumbrance within the operation of the warranty against incumbrances.

PETITION to foreclose a mortgage.  It appeared that the mortgage sought to be foreclosed was a mortgage of certain land in Westford in the county of Chittenden, which the petitioner and one H. M. Pierce conveyed by a warranty deed dated June 21, 1864, to the defendant Brew.  The mortgage was executed by said Brew and dated June 25, 1864, and was given to secure.a note of $400, executed and delivered by said Brew to the petitioner.  The other defendants were subsequent purchasers of portions of said land from Brew and his grantees.

The defendants alleged in their answer that the petitioner on the first day of April and until about the 25th of June, 1864, was a resident and tax payer of Westford, and that his poll, dog and real and personal property was duly set in the list against him in Westford in 1864, and that he removed from the state in July, 1864, and was delinquent in the payment of taxes legally assessed against him in Westford on his list of 1864, while he was a non-resident of the state.  That while the petitioner was a non-resident and having no personal property in the state to satisfy said taxes, the collector of Westford brought a suit against him, in July, 1865, to recover said taxes, making said Brew trustee therein.  That such proceedings were regularly had in said suit, that judgment was duly rendered by default against the petitioner for the sum of $79.32 debt, $9.30 costs, amounting to $88.52, and said Brew was held chargeable as trustee of the petitioner for said amount, by virtue of the mortgage note described in the petition and which Brew was owing the petitioner.  That Brew paid said amount to the collector in satisfaction of said judgment, and before the bringing of this suit tendered the petitioner the sum due on said note, above the amount of said judgment.

On the hearing before PIERPOINT, Chancellor, upon petition, answer and testimony, at the Sept. term, 1869, it was ordered and decreed that the petitioner have a decree for the amount of the mortgage and interest, described in the. petitition, deducting the amount of the judgment described in the defendant's answer.  From this decree the petitioner appealed.  The material facts established by the evidence and the claims of the parties are stated in the opinion of the court.

*E. R. Hard*, for the petitioner.

Parol testimony to prove the alleged agreement between Pierce and Brew, that the latter should pay the taxes, is clearly competent, even at law. *Preble* v. *Baldwin*, 6 Cush., 549 ; *Hersey* v. *Verrell*, 39 Maine, 271. And more especially so in equity. *Butler* v. *Gale*, 27 Vt., 739.

*L. F. Wilbur*, for the defendant.

Parol evidence was not admissible to show that Pierce in his covenant against incumbrances did not include taxes. *Ripley* v. *Paige*, 12 Vt., 353 ; *Bradley* v. *Bentley*, 8 Vt., 243 ; *Hunt* v. *Maynard*, 6 Pick., 489; *Brigham* v. *Rogers*, 17 Mass., 571 ; Ib. 303; *Lloyd* v. *Farrell*, 48 Pa., 73 ; *Horbald* v. *Kuster*, 44 Pa., 392 ; *Vt. C. R. R. Co.* v. *Estate of Hill*, 23 Vt., 681. In this deed, the parties undertook to state what should not be covered by the covenant against incumbrances, and none other can be proved by parol evidence. If Pierce has any claim on Brew on account of any agreement to pay taxes, it must be *independent* of the deed and mortgage contract, and must be enforced by separate action. He cannot set up an independent contract in this suit to defeat the effect of the judgment that Beach obtained against Brew. *Ripley* v. *Paige*, 12 Vt., 353 ; 8 Vt., 243 ; 40 Vt., 126.

The opinion of the court was delivered by

BARRETT, J. This is a petition for foreclosure. The defendants, admitting the execution of the note and mortgage, claim that they are entitled to have deducted from the amount apparently due upon the note of Brew, by whom the note and mortgage were given to the orator, the amount of the judgment against, and paid by, said Brew as trustee, in a suit by the collector against the orator for taxes, said Brew being summoned and charged as trustee by reason of said mortgage note. The taxes, for which said trustee suit was brought, were assesed upon the list of the orator for said land as said list existed at the time of the conveyance of the premises by the orator to Brew, but were assessed subsequently to said conveyance and the delivery of possession to Brew.

The orator claims that, as part of the consideration for the purchase of the premises, Brew was to pay the taxes that should be

assessed on the property after such conveyance to and possession taken by him. This the defendants deny, and a large amount of evidence is presented on the question thus made.

The defendants, however, insist that the orator is precluded by the deed from giving parol evidence as to this matter, on the ground and principle that such evidence is not admissible, for the reason that it would operate to contradict or vary the terms and effect of the deed. The court are of opinion that this point is not well taken. The deed, unless it professes to set out specifically the terms of the trade, and just what the consideration consisted in, is not regarded as so constituting evidence in writing of the terms of the bargain as to preclude showing by evidence *aliunde* what was in fact the real consideration of the conveyance. An ordinary deed is regarded rather as an instrument of conveyance, and the undertaking of the grantor, than as the written evidence of the bargain between the parties in pursuance of which the conveyance by deed was made. The grantee is not a party executing and thereby obligating himself by such deed. It is not intended to show the undertaking on his part, constituting the consideration upon which the grantor executes the deed. See *White* v. *Miller*, 22 Vt., 380.

This is the only objection made to the legitimacy of parol evidence to show the agreement of the defendant, Brew, in respect to the payment of the taxes.

But the defendants claim that the taxes assessed on the list existing and in operation for the year 1864, though such taxes were assessed after said conveyance by the orator to Brew, were an incumbrance within the operation of the warranty in said deed; and therefore, as they were not excepted in the deed itself from the warranty against incumbrances, the orator is not now at liberty to show the alleged agreement. This perhaps might be so, if the defendant Brew was prosecuting a suit at law against him for a breach of covenant against incumbrances. We do not deem the case before us to require that we should decide this point, nor whether the taxes in question would constitute an incumbrance.

The theory of the defense is not, that Brew has been compelled to pay off an incumbrance covered by the orator's covenant, but

that he has been subjected to pay a judgment against him as trustee of the orator, in satisfaction of a judgment against the orator as principal debtor, for taxes due to the collector, and that he was thus subjected as trustee by reason of owing the mortgage note. Nothing is said in the answer what property was the basis of said list, or what taxes were assessed upon it, and only, that the suit was brought for taxes that were lawfully assessed after said conveyance, and while he was a non-resident of the state.

The answer does not set up the taxes sued for by the collector as an incumbrance on the property conveyed by the orator to Brew and within the operation of the covenant in that deed against incumbrances. The defense therefore cannot properly be regarded as being in the nature of a claim for the breach of that covenant by reason of Brew having been compelled to pay taxes that the orator, by reason of that covenant, was bound to pay. The covenant is not made, and does not constitute, the ground of the defendant's claim. The rules of evidence, therefore, as affecting such covenant, when constituting the cause of action or ground of claim, do not apply in the present case. The covenants themselves are mere matters of evidence, bearing on the question whether the defendant Brew was to pay the taxes sued for as part of the consideration for the purchase and conveyance of the property covered by the deed and mortgage.

No point is made in behalf of the defendants predicated upon the statute of frauds. And we think there is no occasion to make any question about the validity of the judgment in the trustee suit; for it is well said by defendant's counsel, "If the judgment should be treated as void, the decree of the chancellor was correct, unless Brew is found, upon legal evidence, to have agreed with Pierce to pay the taxes, as the court of chancery would treat the taxes paid in paying the judgment as an equitable offset."

The case then comes to this, as it is before this court, does the evidence show that Brew agreed with Pierce that he would pay the taxes in question? After a careful examination and consideration of all the evidence presented, we are of the opinion that Brew did thus agree.

The decree of the court of chancery is therefore reversed, and

the cause is remanded with a mandate that the orator be allowed, as the sum due in equity on his said note and mortgage, the amount of said note, without any deduction on account of the payment by said Brew of said judgment against him as the trustee of the orator, and that a decree for the foreclosure of said mortgage be made accordingly, with costs to the orator.