Pierce v. Hight.

———————

No. 8166.

PIERCE v. HIGHT.

PROMISSORY NOTE.—*Payee.*—*Failure of Consideration.*—*Parol Evidence.*—A promissory note contains only the contract of the maker, and proof by parol of the payee's part of the contract is not contradicting the terms of the note; and, in an action thereon, a want or failure of consideration can be pleaded as a defence thereto, and proved by parol evidence.

From the Monroe Circuit Court.

*J. H. Louden* and *R. W. Miers*, for appellant.
*J. W. Buskirk* and *H. C. Duncan*, for appellee.

FRANKLIN, C.—Appellant sued appellee, on a promissory note, for $100. Appellee answered in three paragraphs. 1st, want of consideration. 2d and 3d, failure of consideration. Demurrer to the second and third paragraphs of answer overruled and excepted to; reply in denial; trial by court and finding for appellee; judgment on finding; motion for a new trial overruled and excepted to.

The assignment of error in this court is the overruling of the demurrers to the second and third paragraphs of the answer. The paragraphs of failure of consideration set forth the facts constituting the failure. There was no objection to the form of the pleading. The objection to these

paragraphs is, that they attempt to set up a parol agreement. to contradict the terms of the note ; that a written contract can not be varied by a prior or contemporaneous parol agreement, and authorities are cited in support thereof. While these authorities are applicable to the question discussed, they are not applicable to the case at bar. A note does not contain all the terms of a contract. It only contains the contract of one of the parties—a promise to pay. To prove by parol the payee's part of the agreement and contract, is not contradicting, nor in conflict with, the terms of the note. Hence, it has so frequently been held by this court, and others, that, to an action on a promissory note, a want or failure of the consideration of the note could be pleaded as a defence, and proved by parol testimony on the trial, it is needless to cite authorities upon that question. There was no error in overruling the demurrers to the second and third paragraphs of the answer.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and the same is. hereby, in all things affirmed, at appellant's costs.