GEORGE L. MURCHIE *et al.*

*v.*

PECK BROS. & CO.

*Filed at Ottawa October 11, 1895—Rehearing denied March 10, 1896.*

1. EVIDENCE—*parol agreement that note is not to be paid cannot be proved.*    A previous or contemporaneous agreement that a note is not to be paid according to its terms, but only upon condition of a sale of certain property, cannot be proved by parol.

2. SAME—*objections on ground of variance must be specific.*    An objec-tion to evidence on the ground of variance is insufficient if it does not point out or specifically suggest the variance.

*Murchie* v. *Peck Bros. & Co.* 57 Ill. App. 396, affirmed.

APPEAL from the Appellate Court for the First Dis-
trict;—heard in that court on appeal from the Superior
Court of Cook county; the Hon. GEORGE F. BLANKE,
Judge, presiding.

MASON BROS., for appellants.

O'DONNELL & COGHLAN, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court :

This is assumpsit to recover on a promissory note, as follows :

"$1900.                    CHICAGO, *March 28, 1893.*

"Ninety days after date I promise to pay to the order of Peter Gow the principal sum of $1900 at 1208 Tacoma Building, with interest at seven per cent per annum after maturity.

GEORGE L. MURCHIE,
JANET H. MURCHIE."

Indorsed, "Pay to the order of Peck Bros. & Co.— Peter Gow."

The declaration contained a special count, in part as follows: "For that whereas the said defendants, heretofore, to-wit, on the 28th day of March, in the year of our Lord one thousand eight hundred and ninety-three, at Chicago, to-wit, at Chicago, in, the county aforesaid, made their certain note in writing, commonly called a promissory note, bearing date the day and year last aforesaid, and then and there delivered the said note to Peter Gow, by which said note the said defendants, by the name, style and description of George L. Murchie, promised to pay to the order of Peter Gow, by the name, style and description of 'ninety days after date I promise to pay to the order of Peter Gow $1900 at 1208 Tacoma Building, with interest at seven per cent per annum, for value received.' And the said Peter Gow, to whom or to whose order the payment of the said sum of money in the said note specified was to be made, as aforesaid, afterwards * * * endorsed the said note in writing," etc. The declaration also contained the common counts.

The execution of the note was attempted to be proven, and on trial the note was offered in evidence, and ob-

jected to, under the special count, for variance, but no specific objection was pointed out. The execution of the note by Janet H. Murchie was not shown to make it admissible under the common counts. A trial resulted in a verdict and judgment for the plaintiff, which was affirmed on appeal to the Appellate Court for the First District. This appeal is prosecuted, and two questions are presented as causes for reversal. The first question is one of variance, claimed to exist between the note described in the declaration and that offered in evidence, which question is sought to be raised by appellants' objection under the general issue. The second defense sought to be set up was an alleged agreement, by which the note was not to be paid according to its terms, but its payment was made by such agreement dependent upon a sale of certain property by the makers of the note. To this proof objection was sustained. This was no more than an offer to prove a parol agreement inconsistent with the note. A note cannot be contradicted or varied by a previous or contemporaneous verbal agreement, and it was not error to exclude such proof. (*Mager* v. *Hutchinson*, 2 Gilm. 266; *Harlow* v. *Boswell*, 15 Ill. 56.) The note was a negotiable instrument, endorsed in the usual course of business, for a valuable consideration, before maturity, without notice of defense to the assignee.

The question of variance arises by reason of an exceedingly inartificial and maladroit description of the note in the declaration. Rejecting all surplusage it is pleaded: "For that whereas the said defendants, heretofore, to-wit, on the 28th day of March, in the year of our Lord one thousand eight hundred and ninety-three, at Chicago, to-wit, in the county aforesaid, made their certain note in writing, bearing date the day and year aforesaid, and then and there delivered the said note to Peter Gow, by which said note the defendants promised to pay to the order of Peter Gow, ninety days after date, $1900 at 1208 Tacoma Building, with interest at seven

per cent per annum, for value received," and averring the endorsement to plaintiffs, etc. The only variance in the description is that the note is not described as being payable with interest after maturity. The objection made to the note was on the ground of variance, but as appears from the record no variance was pointed out or suggested specifically, which must be done to raise the question. In *Richelieu Hotel Co.* v. *Military Encampment Co.* 140 Ill. 248, it was said (p. 259): "Under our present practice, if a party wishes to insist upon a variance between the allegation and proof he must point out the variance specifically, if for no other purpose, for that of enabling the opposite party to so amend his pleading as to make it conform to the evidence offered, and thus avoid defeat upon a point in no way involving the merits of the controversy." In *Lake Shore and Michigan Southern Railway Co.* v. *Ward*, 135 Ill. 511, it was said (p. 516): "It was incumbent upon the defendant to indicate and point out in what the variance consisted, so as to enable the court to pass upon the question intelligently, and also to enable the plaintiff to so amend her pleading as to make it conform to the evidence, and thus avoid defeat upon a point in no way involving the merits of her claim." In *St. Clair County Benevolent Society* v. *Fietsam*, 97 Ill. 474, it was said (p. 480): "No variance between the proof and a declaration in this respect was called to the attention of the circuit court when the instrument sued on was offered in evidence. A general objection was taken there was a variance. That is not sufficient. The party objecting should have pointed out wherein the variance existed." No special variance is shown by the record to have been pointed out on this objection, and there was no error in admitting the note in evidence.

The judgment is affirmed.    *Judgment affirmed.*