CITIZENS SAVINGS BANK AND TRUST COMPANY *vs.* ANCIL C. BABBITT'S ESTATE.

October Term, 1898.

Present: Ross, C. J., TAFT, ROWELL, TYLER, START and THOMPSON, JJ.

Opinion filed January 28, 1899.

*Guaranty—Consideration—Parol Evidence.*—Upon the back of an overdue promissory note the defendant executed the following written guaranty: "For value received, I hereby guarantee payment of the within note, and waive demand, notice and protest on same when due." *Held*, that parol evidence was admissible to show a consideration for the guaranty in an agreement on the part of the holder to extend the time of payment.

APPEAL from probate. Special assumpsit. General issue. Trial by jury at the June term, 1898, Caledonia county. *Munson*, J., presiding. Verdict ordered and judgment thereon rendered for the defendant.

The note was payable on demand. The note and guaranty were not offered in evidence except in connection with the oral evidence which was objected to.

*Bates, May & Simonds* for the plaintiff, cited *Lapham* v. *Barrett*, 1 Vt. 247; *Thrall* v. *Newell*, 19 Vt. 202; *Hakes* v. *Hotchkiss*, 23 Vt. 231: Clark, Contracts, 171, 2; DeColyar, Law Guaranties, marg. page 20, 21, 24; *Ballard* v. *Burton*, 64 Vt. 387; *Hilton* v. *Dinsmore*, 21 Me. 410; *King* v. *Upton*, 4 Me. 387; *Hockenburg* v. *Meyers*, 34 N. J. L. 346; *Thomas* v. *Croft*, 2 Rich. 113: 44 Am. Dec. 279; *Russell* v. *Babcock*, 14 Me. 138; *Vadakin* v. *Soper*, 1 Aik. 287; *Hill* v. *Smith*, 34 Vt. 535; *Van Gorder* v. *Bank*, 7 Atl. 144; *McLaren* v. *Percival*, 102 N. Y. 675; *Goodenough* v. *Huff*, 53 Vt. 482; *Packard* v. *Richardson*, 17 Mass. 122; *Crocker* v. *Gilbert*, 9 Cush. 131; *Rivers* v. *Thomas*, 1 Lea 649: 27 Am. Rep. 784; *Bank* v. *Kaufman*, 93 N. Y. 278: 45 Am. Rep. 204; *Moore* v. *McKenney*, 83 Me. 80: 23 Am. St.; *Chaddock* v. *Van Ness*, 35 N. J. L. 517.

*Harry Blodgett* and *W. P. Stafford* for the defendant.

The question presented by this case is, whether a party, seeking to recover upon a written contract, may support it by parol proof of a consideration which contradicts the very terms of the defendant's promise.

The undertaking of the defendant is to guarantee payment of the note "when due." The note was overdue when the guaranty was given. The promise was, therefore, to see the note paid at once. *Crocker* v. *Gilbert*, 9 Cush. 131.

An action might have been maintained upon the guaranty the moment after its execution. On trial the plaintiff offered to prove by oral evidence that the consideration for the defendant's promise to see the note paid at once, was the plaintiff's promise not to require payment at once, that is, that the defendant had promised to pay in consideration that he should not be liable to pay.

We do not contend that the statute of frauds, as interpreted by this court, precludes the plaintiff from proving the consideration by parol; but that statute does require

the *promise* to be in writing, and does therefore forbid parol proof of a consideration which contradicts the promise.

But irrespective of the statute of frauds, the evidence was incompetent. It cannot be permissible to support a promise by proof of a consideration which contradicts the promise. One cannot, under the guise of showing a consideration, show that the promise itself was other than appears in the contract. Even the rule which allows the consideration to be supplied, explained or varied by parol does not extend to cases in which the consideration itself is contractual, as where a conveyance expressly recites that it is made for the settlement and release of specified claims. *Baum* v. *Lynn*, 72 Miss. 932: 30 L. R. A. 441.

The opinion in the case just cited contains a valuable exposition of the law, and a discriminating citation of authorities upon this question. See also Randolph on Commercial Paper, vol. II., § 565, where it is said: "The rule admitting parol evidence in such cases does not, however, do away with the rule excluding such evidence when offered for the purpose of contradicting or varying a written instrument."

Suppose the plaintiff had commenced an action against the guarantor immediately. Could the guarantor have defended by proving the plaintiff's promise to forbear? Could he thus have contradicted his own promise? If not, can the plaintiff, when it serves his purpose, contradict the promise?

Again, suppose the consideration had been, as alleged, the promise to forbear for a stated time, and the plaintiff had brought action before the expiration of that time. Could the plaintiff then have proved a consideration which not only contradicted the defendant's promise, but also showed the plaintiff's action to be premature?

The question does not arise whether the words, "value received," import a consideration, *prima facie*, for the plaintiff did not offer the writing alone, or by itself, but

only as a part of one general offer which embraced the parol evidence.

TYLER, J.   It appeared by evidence admitted without objection, that the plaintiff held the note in question, dated March 24, 1893, against the makers, Edgar Hunt and Henry A. Babbitt, for money loaned to them; that in June, 1895, the plaintiff's treasurer called upon the makers for payment; that Babbitt called at plaintiff's banking-house, informed the treasurer that he could not then pay the note, and inquired if the plaintiff would take the name of his father, Ancil C. Babbitt, as guarantor, and that the treasurer assented.

The plaintiff then offered the note in evidence, and in connection therewith further offered to show that Henry A. Babbitt and the treasurer then made an agreement, that if A. C. Babbitt's guaranty to the note was obtained, the immediate collection of it would be forborne and further time for payment allowed; that in pursuance of the agreement Ancil C. Babbitt went to the bank and executed the following writing upon the back of the note: "For value received, I hereby guarantee payment of the within note and waive demand, notice and protest on the same when due;" and that the plaintiff therefore refrained from collecting the note and granted further time to the makers, which it would not have done without the agreement and guaranty.   The offer as made was excluded, and the plaintiff excepted.

It does not appear by the exceptions that the note and guaranty were afterwards received or offered in evidence independently of the parol evidence.

It is true, as claimed by the defendant, that the note was overdue when the guaranty was given; but whether the guaranty was to pay the note at once, and whether an action could have been maintained upon the guaranty immediately after its execution and delivery, depends upon the construction to be given to its terms.   It evidently was

not the understanding of any of the parties interested in the note that the guarantor assumed a liability to pay the note immediately. The makers desired more time, the offer of a guaranty was to obtain more time, and the bank was willing to grant it; therefore, in the light of such intention it would be unreasonable to construe the words, "when due," in the guaranty, to mean the then present time so that the guarantor assumed a liability to pay the note at once upon the execution of the guaranty.

It is the duty of the court to give a construction to the guaranty that will carry out the intention of the parties, if it can reasonably be done. The construction given it by the defendant would defeat that intention. We think that the words "when due" qualify the words "demand, notice and protest," and fix the time when these acts are to be done, and not the time when the guarantor was to pay the note.

The defendant concedes that if the guaranty read, "In consideration of the holder's agreement to forbear to sue for a reasonable time, I guarantee the payment of the note after the expiration of that time," it would have been sufficient. The guaranty being silent in respect to the time when the guarantor should pay the note if the makers did not, must mean a reasonable time. The termination of a reasonable time of forbearance and extension was the time when the guaranty was to be operative. This construction harmonizes with the facts that were shown by the plaintiff without objection.

If the guaranty had stated that, in consideration of the plaintiff's forbearance and extension, the guarantor would pay the note at a certain time, the extension must have been construed to mean a reasonable time. This was so held in *Hakes* v. *Hotchkiss*, 23 Vt. 231. See *Ballard* v. *Burton*, 64 Vt. 387. A reasonable time would not necessarily mean the time fixed for payment by the guarantor; but if the time of extension were fixed, and the time when the guaranty should be performed was not mentioned, it

would be taken to relate to the time to which the extension was made. As this writing is silent both as to the time of extension and the time of payment by the guarantor, it should be construed to mean a reasonable time as to both.

The words, "for value received," in the writing, import a consideration, and the admission of parol evidence was unnecessary. But we think that parol evidence was admissible, for it did not tend to contradict, but was entirely consistent with the guaranty as we construe it. It is conceded that an agreement to forbear to sue is a sufficient consideration, if the promise to pay or guarantee is consistent with it. See Baylies on Securities and Guarantors, 56.

In the light of the offered parol evidence the guaranty would mean: In consideration of the bank's forbearance and extension of time of payment to the makers of this note for a reasonable time, I guarantee payment of the note at the end of that time. What was a reasonable time was a question of fact for the jury. We think that the note, guaranty and parol evidence offered were admissible.

*Judgment reversed and cause remanded.*

*Rowell,* J., dissents.