Bassett v. Lawrence.

---

## O. P. Bassett v. T. F. Lawrence.

94   591
a193s 494
94   591
a193s 494

1.  Construction of Contracts—*Contract of Settlement—Release of Outside Indebtedness Not Included.*—B. and L. entered into a contract by which B. sold certain shares of stock to L., who agreed to pay for the same in weekly installments. Some years afterward, the install-

ments having been paid in full so far as they had matured, B. requested L. to loan him $1,000, which was done, and for which B. gave him his note. L. continued to pay the installments on his contract for several years, and then, having paid over $44,000, leaving about $43,000 not then due, he and B. made an agreement of settlement in writing by which B. took back the stock and released L. from further obligation under the contract, which was annulled and canceled by mutual consent. In the contract of settlement it was agreed "that from and after this date no indebtedness exists in favor of either of said parties L. or B. against the other." In construing the agreement of settlement the court held that the $1,000 note was not included in and was not discharged or canceled by the agreement.

**Assumpsit**, on a promissory note. Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Affirmed. Opinion filed May 10, 1901.

CRATTY, JARVIS & CLEVELAND, attorneys for appellant.

ASHCRAFT & GORDON, attorneys for appellee; J. H. BARNARD, of counsel.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is an appeal from a judgment entered upon a promissory note for $1,000 made by appellant payable to the order of appellee, dated June 3, 1893.

It appears that in 1889 the parties hereto entered into a contract by which appellant sold his shares of stock in a business enterprise known as the Pictorial Printing Company to appellee, and the latter agreed to pay for the same in weekly installments. These installments had been paid in full so far as they had matured, when, in June, 1893, appellant requested appellee to advance or loan him $1,000. This was done and the note of June 3, 1893, now sued upon, was given therefor by appellant. Appellee continued to make payment of the installments on his contract until January 1, 1896, when, having paid over $44,000, and there remaining about $43,000 of installments not yet due under the original contract, an arrangement was made by which appellee was released from further obligation, appellant took back his stock in the Pictorial Printing Company, and the contract of sale was " canceled and annulled by mutual

agreement." The settlement was evidenced by a written instrument dated January 1, 1896, the concluding clause of which is as follows: "It is further agreed that from and after this date no indebtedness exists in favor of either of said parties, T. F. Lawrence or O. P. Bassett, against the other."

It is claimed by appellant's attorneys that the indebtedness represented by the note upon which the judgment appealed from was rendered, " was settled, canceled and discharged by the agreement of January 1, 1896," and that said agreement is of itself a complete bar to this action. The Superior Court instructed the jury that said agreement did not of itself prove that the note was included in such settlement, and permitted the introduction of extrinsic evidence to show the intention of the parties. It is urged that this was erroneous. We do not so regard it. The agreement of January 1st recited that " all matters of every kind involved in the within contract (that of December 9, 1889), have been amicably adjusted between the parties thereto, and the said contract is canceled and annulled by mutual agreement." It is manifest the note in controversy was not a matter involved in that contract of December 9, 1889. It had no existence and was not contemplated when that contract was drawn. The concluding words of the release that " after this date no indebtedness exists in favor of either of said parties," must be construed with reference to the subject-matter to which the release relates. That subject-matter is explicitly stated therein to be " matters of every kind involved in the within contract." To enlarge its scope and make it include a note which it is impossible could have been involved in the contract would be to make for the parties an agreement they did not make for themselves. The fair interpretation of the language used, shows, we think, clearly, that the parties intended to say, and did in effect say, that after that date no indebtedness existed in favor of either of them by reason of anything involved in that contract of December 9, 1899; simply that and nothing more. This would, in law, be the construction even if

the general words of the release were much broader.  Such
general words are regarded as qualified, limited, restrained,
by the preceding particular recitals.   Simons v. Johnson, 23
Eng. Com. Law Rep. 84 (87);  Todd v. Mitchell, 67 Ill. App.
84;  see dissenting opinion of Mr. Justice Waterman on
p. 91;  *Idem*, 168 Ill. 199, and cases there cited.   As in  the
last mentioned case, so here, " this construction is aided by
the facts " in evidence.

There is some difference between the parties, although
the conflict is not material nor the testimony competent, as
to what was said at the time the note in controversy was
given.   But the note on its face was payable absolutely,
and the writing is the only admissible evidence of its terms.
Contemporaneous verbal agreements are merged in  the
written contract.   Murchie v. Peck, 160 Ill. 175 (177).

There was testimony introduced in behalf of  appellant
tending  to show that appellee told appellant, about the
time the note matured, that he would allow the note to be
applied on  the contract.   Exactly how it was to be applied
is not stated, but the  meaning  intended to be conveyed
apparently is that appellee agreed that the amount of  the
note might be considered as a payment made on account of
the installments falling due under the  original contract.
Appellee denies that any such promise or agreement was ever
made, and it is not, so far as we can ascertain, controverted
that appellee had paid all the installments due under the
contract independently of the amount of the note, at the.
time of the execution of the release of January 1, 1896.
As tending  to sustain his denial of any such  promise or
agreement, appellee introduced evidence tending to show,
among other things, an offer by appellant to pay the prin-
cipal with notes of smaller amounts.   It is urged that this
evidence was incompetent as  tending  to show what
occurred in an effort at compromise and settlement.   We do
not so understand it.   But however that may be, a mere
naked promise to apply, the amount of the note on the con-
tract does not tend to prove that such application was actu-
ally made,  and unless so applied in  fact, it would  not

necessarily follow that the note was included in the release of January 1, 1896. We find, therefore, no error in the rejection by the trial court of the instructions relating thereto offered by appellant, the refusal of which is complained of.

Appellant's attorneys were not allowed to introduce evidence that appellee received in dividends on the stock of the Pictorial Printing Company, while he held it, more than his weekly payments to appellant. The original contract provided that such surplus should be paid appellant and credited to appellee as advance payments of the weekly installments appellee agreed to pay. But it appears that all installments due up to date of the release were paid to appellant, and we are unable to see how the rejected evidence was material.

Finding no substantial error in the record, the judgment of the Superior Court must be affirmed.