CITIZENS SAVINGS BANK & TRUST CO. *v.* PARADIS & SONS, LTD., ET AL.

February Term, 1929.

Present: WATSON, C. J., POWERS, SLACK, MOULTON, and WILLCOX, JJ.

Opinion filed May 8, 1929.

*Porter, Witters & Longmoore* for the plaintiff.

*S. E. Richardson* for defendant Paradis & Sons, Ltd.

MOULTON, J.   This is an action in contract, in which the plaintiff bank seeks to recover upon a promissory note, payable to its order, signed by Morin, and indorsed by J. W. Paradis, whose authority to do so was conceded, in the name of Paradis and Sons, Ltd.   Judgment was entered against Morin by default, but after a trial without a jury, Paradis and Sons, Ltd. had judgment for its costs.   The case is here upon exception by the plaintiff.

The trial court found the following facts:   Morin had money on deposit in a checking account in the plaintiff bank. Suit was brought against him and his account was trusteed, and a number of checks previously drawn by him, were presented

for payment and protested. Thereafter Morin, Paradis, and the president of the bank agreed that Morin should give the note in suit; that Paradis should indorse it in behalf of his company; that the avails of the note should be used to pay Morin's outstanding checks and other obligations; that Morin should, by giving a bond or otherwise, procure the discharge of the trustee attachment on his bank account, and that as soon as this should be done, the bank would pay the note from the funds so released. Morin procured the release of the bank account from attachment, and the bank did not pay the note therefrom, but after the maturity of the note, permitted Morin to withdraw all of the funds from the bank, by two checks, dated the same day. There was sufficient in the account to pay the note.

At the time of the execution of the note Paradis believed Morin to be financially irresponsible, and he indorsed it in reliance upon the promise of the bank as to its payment, and had it not been for that promise, he would not have done so.

Subject to objection and exception by the plaintiff, Paradis was permitted to testify as follows:

"He took me into the bank, Mr. Morin did, and introduced me to Mr. Wood (the president of plaintiff bank); and Mr. Wood told me—he says: 'Morin has a trustee on his money here, and they are liable to take his money for not having his checks paid up.' I said, 'What do you advise me to do?' Mr. Wood said, 'If you indorse a note for about a month, during that time Morin will have time to have the money released, and as soon it is released I will take that money and pay the note with it.' I said, 'If you will do that, under those conditions I will indorse the note, but on no other condition' * * * * And that is why I did it; otherwise I would not have done it." * * * *

Q. "Did Mr. Morin tell Mr. Woods he was making any arrangements about putting up a bond and having the trustee released on the monies?" A. "Yes, sir."

Q. "Before the signing of this note, did you say anything to Mr. Woods about his looking after the payment of the note?" A. "Yes, sir."

Q. "What did you say to Mr. Woods on that point?" A. "I told him—I says—'Now it is distinctly understood

that the trusteed money will have to be applied upon the note?' "

Q. "What did Mr. Woods say to that?" A. "He said, yes, that the trustee money would be used to pay the note when the trustee was off, and he was to look after it, and Mr. Morin was there and he agreed to it, too."

Q. "And, Mr. Morin then agreed that the monies should be so applied by Mr. Woods or the bank?" A. "Yes, sir."

The ground of the exception was that the evidence disclosed a parol agreement which varied the terms of the note.

It is quite true that a negotiable instrument which expresses on its face an absolute promise to pay cannot be cut down into a conditional promise, or enlarged, varied, or contradicted by evidence of a prior or contemporaneous parol agreement. *Alexander* v. *Chevalier*, 98 Vt. 230, 234, 126 Atl. 498; *Hayden* v. *Hoadley*, 94 Vt. 345, 348, 111 Atl. 343. And authorities are not wanting to the effect that a contemporaneous parol agreement that a note shall be paid out of a particular fund is not admissible in defense to an action upon the note, since the effect is to contradict and vary the terms of it. *Hoyt* v. *French*, 24 N. H. 198, 202, 203; *St. Louis Perpetual Ins. Co.* v. *Homer*, 9 Metc. (Mass.) 39, 40, 41; *Currier* v. *Hale*, 8 Allen (Mass.) 47; *Tower* v. *Richardson*, 6 Allen (Mass.) 351, 352; *Adams, Admx.* v. *Wilson*, 12 Metc. (Mass.) 138, 142, 45 A. D. 240; *Murchie* v. *Peck*, 160 Ill. 175, 43 N. E. 356, 357; *Gridley* v. *Dole*, 4 N. Y. 486, 491; *Eaves* v. *Henderson*, 17 Wend. (N. Y.) 190, 191, 192; *Earle* v. *Enos* (C. C.), 130 Fed. 467, 470; *Avery* v. *Crux*, L. R. 5 C. P. 37, 4 E. R. C. 195.

But Mr. Wigmore, while recognizing that an extrinsic agreement as to the mode of payment must be ineffective, since the parties have expressly dealt with this matter in the instrument, points out that an agreement to concede a credit or counter claim, as offsetting the obligation of the instrument, would be a separate transaction and therefore valid; although he says that the distinction between the two may sometimes be hard to draw. 5 Wigmore, Evidence, 2nd ed., par. 2444.

However, this distinction need not be drawn here. The ruling is to be upheld, upon another ground.

■ Paradis was an accommodation indorser. The evidence received under exception showed that he indorsed the note in reliance upon the promise of the president of the bank (whose authority to bind the bank in this way is not questioned), to apply the money on deposit when released from the trustee process, to its payment. This promise was the consideration for the indorsement; and since it was not fulfilled, the consideration failed.

■ No question of the so-called parol evidence rule is involved here. It is held in this State, as elsewhere, that the consideration or lack of consideration for a written contract, may be shown by parol, and that this procedure does not contradict or vary the terms of the writing. *Citizens Bank* v. *Babbitt's Estate*, 71 Vt. 182, 187, 44 Atl. 71; *Allen* v. *Spafford*, 42 Vt. 116, 120; *Gregory Tilton & Co.* v. *Gleed*, 33 Vt. 405, 409; *Patchin* v. *Swift*, 21 Vt. 292, 297; *Sowles* v. *Sowles*, 11 Vt. 146, 147. So it has been held that it is not contradicting the essential import of a deed to show the agreed price of the land (*Holbrook* v. *Holbrook*, 30 Vt. 432, 434, 435; *Wheeler* v. *Campbell*, 68 Vt. 98, 101, 34 Atl. 35; *Pierce* v. *Brew*, 43 Vt. 292, 295; *Thayer* v. *Viles*, 23 Vt. 494, 497), and that a deed, absolute upon its face, may be shown by parol evidence to be a mortgage. *Earle's Admr.* v. *Blanchard*, 85 Vt. 288, 290, 81 Atl. 913.

In *State Savings Bank* v. *Osborn*, 188 Iowa, 168, 175 N. W. 964, 966, evidence that the defendant, who was an accommodation indorser, indorsed the note at the request of the payee upon the latter's request and agreement that, if he would do so, the payee would credit and apply upon the note the first money collected from the maker or realized from his security, was held to be admissible, since nothing in the Negotiable Instruments Act or in the parol evidence rule precludes as between the original parties, proof of failure of consideration.

In *Wise* v. *Neal*, 39 Me. 422, there was a suit by the holder against the acceptor of a bill exchange. Evidence was offered, on behalf of the defendant, to prove that when the plaintiff inquired whether he would accept a draft on his son for furniture, he replied: "Yes, provided the furniture is mine when paid for and released." It was held that the evidence was not admissible to vary the terms of the instrument, and so to change it from an absolute to a conditional contract, but that it was admissible to prove a want or failure of consideration.

In *Finance Corporation* v. *Maynard et al.*, 249 Mass. 294, 143 N. E. 908, the defendants indorsed a note upon the agreement by the payee that certain other notes would be taken up out of the proceeds. It was held that the failure to do so could be availed of in defense. It was said:

> "Undoubtedly the default of the plaintiff in the performance of what it was to do, in exchange for their indorsements, gave them (the defendants) a right of action. As matter of justice, the party in default ought not to be permitted to compel them to pay the entire note and then resort to further litigation if that can be avoided." (Page 909, 143 N. E., 249 Mass. 297.)

In *Pierce* v. *Hight*, 76 Ind. 355, 356, it is said that a note does not contain all the terms of a contract, but only the contract of one of the parties—a promise to pay—and that to prove by parol the payee's part of the agreement and contract, is not contradicting, nor in conflict with, the terms of the note. Hence, a want or failure of the consideration for a note may be proved by parol testimony.

*Leonard* v. *Union Trust Co.*, 140 Md. 192, 117 Atl. 318, was an action by the payee against an indorser of a promissory note. A contemporaneous oral agreement between the plaintiff and defendant that certain sums to become due under a certain contract should be applied upon the notes was held to be admissible in evidence for the purpose of showing a failure of the consideration for which the defendant became an indorser of the note.

To the same effect are *Smith* v. *Dotterweich*, 200 N. Y. 299, 93 N. E. 985, 987, 33 L. R. A. (N. S.) 892; *Kessler & Co.* v. *Parelius*, 107 Minn. 224, 119 N. W. 1069, 131 A. S. R. 459; *Faux* v. *Fitler*, 223 Pa. 568, 72 Atl. 891, 132 A. S. R. 742.

Various other exceptions were taken by plaintiff, but since nearly all of them, in one form or another, present the same question which we have already considered, a separate treatment is not necessary. Other exceptions present no prejudicial error.

*Judgment affirmed.*