320

## Seldon H. and Gladys Dodge v. Washington Electric Cooperative, Inc.

[359 A.2d 647]

No. 126-75

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed June 1, 1976

*Burgess & Normand, Ltd.*, Montpelier, for Plaintiffs.

*Reginald T. Abare*, Barre, for Defendant.

**Barney, C.J.** Plaintiffs, husband and wife, brought suit against the defendant electric company complaining of a trespass. Since sometime in 1939 the defendant has had an electric transmission line running some 1100 feet across land now owned by the plaintiffs. This was in consequence of a 25 foot easement granted the company by one of the plaintiffs' predecessors in title. Sometime in 1973 the company entered the plaintiffs' land to enlarge the cleared area to 50 feet as a safety prerequisite to increased transmission line voltage. This suit was brought to halt the operation.

The lower court found a valid 25 foot right of way across the plaintiffs' land, and awarded $300.00 damages for the clearing operations that were brought to a halt by the lawsuit before completion. The plaintiffs have appealed. Their challenge to the findings and judgment involves both the finding in favor of the easement and the amount of damages.

Turning first to the findings and supporting exhibits as to the 25 foot easement, the trial court noted the granting of such a right of way to the defendant by C. K. and Eula M. Willard in 1939. This grant was unrecorded, and the findings so disclose. What is not recognized in the findings but appears from the recorded deed put in as an exhibit is that the grantors' only title to the Willard property was, in 1939, in Eula

M. Willard as life tenant.

In November, 1960, Eula Willard died and the remaindermen all joined in deeding the property to the plaintiffs in May of 1961. That deed noted only, "Easements and Reservations of Record."

In December of 1961 one of the plaintiffs, Seldon H. Dodge, executed a right of way agreement running to the defendant. This agreement did not limit the width of the easement to 25 feet. This right of way agreement was contested by the plaintiffs on the basis that it was, at best, executed in blank and completed by personnel of the defendant. It was recorded sometime in 1973. It was also argued that the intention in granting that particular document did not run to the land involved in this right of way. The court below apparently found it somehow deficient to operate as a grant, since this easement is not recognized in the findings. In any event, its application is limited, as the evidence stands, since it was not joined in by the co-owner.

Although the 25 foot right of way has been in use and occupied by the transmission lines since 1939, under 30 V.S.A. § 2519 such use and occupancy could not ripen into adverse possession:

> Enjoyment of any length of time of the privilege of maintaining a line of telegraph, telephone or electric wires, poles, conduits or other apparatus, upon or over the buildings or lands of other persons, shall not give a right to the continued enjoyment of such easement or raise a presumption of a grant thereof.

As a consequence, the conclusion of the trial court that a right of way 25 feet across the plaintiffs' land existed in the defendant is not supported by the facts found. The facts as found, however, are supported by the evidence, and must be accepted here. V.R.C.P. 52(a); *Carter* v. *Sherburne Corp.*, 132 Vt. 88, 92, 315 A.2d 870 (1974). As was noted, the only evidence favoring a right of way, at least as to one of the plaintiffs, was controverted, and must be taken to have been rejected, since it was not found. With the judgment being based on the conclusion that a right of way existed, a conclusion that is unsupported factually, the judgment is in error and the matter must be returned to the lower court for a new

determination of the issues. Since the matter of damages will quite likely arise in a different form in a new evidentiary setting, that question will not now be dealt with.

*Judgment reversed and cause remanded.*