2008 VT 95

## In re Appeal of VILLAGE OF MORRISVILLE WATER & LIGHT DEPARTMENT

[958 A.2d 1191]

No. 07-074

¶ 1. July 10, 2008. The Village of Morrisville Water & Light Department (petitioner) appeals from a decision of the Public Service Board, in which the Board concluded that it lacked jurisdiction to render the declaratory judgment petitioner sought. We affirm.

¶ 2. The facts may be briefly recounted. Petitioner is a regulated municipal electric utility that currently maintains an electric line running from Morrisville into the village of Stowe. On October 17, 2006, petitioner commenced this action before the Public Service Board, seeking a "declaratory ruling confirming [petitioner's] right to retain in their current location portions of certain electric transmission lines." After describing the acquisition, in the early twentieth century, of easements to site the power line, petitioner's brief averred that "questions have arisen as to whether the apparent absence in most instances of subsequent, more traditional easement conveyances compromises or undermines [petitioner's] right to have and maintain the lines in their current location." Petitioner then contended that, in light of the century-old written instruments and the consideration paid therefor, it was entitled to maintain the lines. Petitioner explicitly argued, in connection with the initial petition, that "[t]his is not a case where the utility seeks to claim that 'we can keep the lines here because they have been here for a long time.' " Thus, petitioner contended, 30 V.S.A. § 2519, which provides that utility easements cannot arise merely by passage of time, simply did not apply.

¶ 3. The Board rejected the initial petition, citing Public Service Board Rule 2.403, which provides as follows:

> Pursuant to 3 V.S.A. § 808, an interested person may petition the Board for a declaratory ruling as to the applicability of any statutory provision or of any rule or order of the Board. The petition shall identify the statute, rule or order involved, shall include a proposed order of notice and shall be accompanied by a brief which conforms to the requirements of Rule 2.223.

The Board noted that the first petition did "not specify what ruling [petitioner] seeks 'as to the applicability of any statutory provision or of any rule or order of the Board.' " Absent such a specific statement, the Board ruled, it had no way to determine whether it had jurisdiction to hear an "apparent property rights dispute." The Board invited petitioner to file an amended petition explaining why the Board had jurisdiction over the matter.

¶ 4. Petitioner filed a slightly revised petition on December 11, 2006. In that petition, petitioner sought a declaration "that the provisions of 30 V.S.A. § 2519 do not impact [petitioner's] right to maintain [the power lines] in their current location." The revised petition also asserted that the question of whether petitioner could maintain the lines "necessarily involve[d] determination of the applicability of 30 V.S.A. § 2519."

¶ 5. The Board rejected this petition as well, holding that petitioner "still fail[ed] to provide any support for Board jurisdiction over this case." "Instead," the Board noted, petitioner "cite[d] a law in Title 30 that it contends does not apply, and then cites various cases involving property rights." Quoting our decision in *Trybulski v. Bellows Falls Hydro-Electric Corp.*, 112 Vt. 1, 7, 20 A.2d 117, 120 (1941), the Board described its limited role as

a body exercising special and statutory powers not according to the course of the common law, as to which nothing will be presumed in favor of its jurisdiction. . . . It has only such powers as are expressly conferred upon it by the Legislature, together with such incidental powers expressly granted or necessarily implied as are necessary to the full exercise of those granted.

Thus, the Board reasoned, because petitioner had failed to name any statutory basis for Board jurisdiction over the declaratory-judgment action, the Board lacked jurisdiction, and the superior court was the proper tribunal for what was essentially a property-rights dispute. This appeal followed.

¶ 6. We review the Board's determination regarding its subject matter jurisdiction de novo. *In re Hinsdale Farm*, 2004 VT 72, ¶ 5, 177 Vt. 115, 858 A.2d 249. As the Board noted, we will presume nothing in favor of the Board's jurisdiction. *Trybulski*, 112 Vt. at 7, 20 A.2d at 120. Section 808 of Title 3 provides that each Vermont administrative agency "shall provide for the filing and prompt disposition of petitions for declaratory rulings as to the applicability of any statutory provision or of any rule or order of the agency, and may so provide by procedure or rule." As noted, the Board has promulgated Rule 2.403 to comply with the statutory mandate, and the rule largely mirrors § 808's language.

¶ 7. Petitioner contends that the Board's "incidental powers" plainly encompass the authority to rule on the declaratory judgment sought here. According to petitioner, "the primary legal question surrounding [this] dispute involves interpretation of 30 V.S.A. § 2519." We do not agree.

¶ 8. As appellee Department of Public Service (DPS) notes, petitioner has in the same breath asserted that: (1) the Board has jurisdiction because the dispute requires interpretation of § 2519; and (2) that petitioner does not assert that it has any rights on which that section might operate. We agree with DPS, and with the Board, that this dooms petitioner's argument. Section 2519 has no necessary application at all to the declaratory judgment petitioner seeks. What petitioner asserts is the right to maintain the power line in its present position by virtue of various instruments and representations dating back over a century. Petitioner does *not* assert, and has never asserted, a right to maintain the power line in its present location by virtue of adverse possession. Cf. *Dodge v. Washington Elec. Coop.*, 134 Vt. 320, 321, 359 A.2d 647, 648 (1976) (use and occupancy of power-line right-of-way did not, under § 2519, amount to adverse possession). Thus petitioner is simply incorrect in claiming that the interpretation of § 2519 is necessary, or even relevant, to the declaratory judgment sought below. Section 2519 would be involved in the action only if petitioner asserted something — adverse possession — that petitioner has repeatedly stated it need not and will not assert. That section being the only basis recited for the Board's jurisdiction, we find no error in the Board's determination that it had no power to rule on the declaratory judgment petition.

¶ 9. Because we conclude that the Board did not err in determining that it lacked subject-matter jurisdiction over petitioner's declaratory-judgment petition, we do not consider petitioner's claim that the superior court and the Board have concurrent jurisdiction over the petition.

*Affirmed.*